GEORGE PLUMMER *vs.* EMANUEL J. ECKENRODE.

*The Amount claimed on each Building must be stated in the Scire Facias on a Mechanic's Lien Claim—The Writ and Sheriff's return thereon—Proper Form of Judgment.*

A lien claim was filed against two buildings, a tenant house and a barn, amounting to a specified sum upon the tenant house and a specified sum upon the barn. These two sums were blended together in the command of the writ of *scire facias*, and a lien on each building was claimed for the whole sum ; and to this demand the defendant was required to appear and show cause. On motion to quash the writ and return, it was HELD :

That the amount of lien claimed on each building should have been stated in the writ, so that the defendant might plead to each separately, and the jury be enabled to ascertain the respective sums due.

That the return of the sheriff—"*Scire feci*," endorsed on the writ of *scire facias* was insufficient and invalid. It did not show that the notice required by sec. 28, of Art. 61, of the Code of Public General Laws, had been given by him. In addition to the return of "*scire feci*," he should have returned what was done by him in respect to leaving copies of the writ, or affixing them, as the case might be, to the buildings sought to be affected by the liens.

The lien law subjects only the building affected by the lien and the land appurtenant thereto, to the payment of such lien, and the judgment ought to designate each building, and the sum of money due upon it. The judgment should be *in rem.*

APPEAL from the Circuit Court for Prince George's County.

Upon a mechanic's lien claim filed by the appellee against a tenant house and a barn of the appellant, a writ of *scire facias* was issued and a return of *scire feci* thereon made by the sheriff. Afterwards the defendant by his attorney, moved the Court to quash the writ of *scire facias,* which issued in this cause against him, and the return of the sheriff thereon, for the following reasons:

15          v. 50.

Plummer *vs.* Eckenrode.

1. Because a copy of said writ of *scire facias* was not left with any person residing in the tenant house, in said writ of *scire facias* mentioned, or affixed to the door or other front part of said tenant house as required by sec. 28, Art. 61, Code of Public General Laws.

2. Because a copy of said writ of *scire facias* was not affixed upon the door of the barn in said writ of *scire facias* mentioned, or other front part of said building, as required by said sec. 28, Art. 61, Code of Public General Laws.

3. Because the sheriff returns said writ of *scire facias*, " *scire feci*," and does not return that said writ of *scire facias* was served by serving the said writ on defendant, and by leaving a copy of said writ with some person residing in said buildings, or by affixing a copy of said writ upon the front door or other front parts of said buildings respectively.

4. Because the plaintiff in said writ of *scire facias* claims a lien upon the tenant or frame dwelling described in said writ, and the lot or parcel of ground or curtilage upon which the same is built, for the sum of twelve hundred and sixty-two dollars and eighty cents, the said sum being the whole amount alleged to be due for the construction of the said tenant house, and also the barn described in said writ, and not the amount alleged and claimed to be due for the construction of said tenant house only.

5. Because the plaintiff in said writ of *scire facias* claims a lien upon the barn described in said writ, and the lot or parcel of ground or curtilage upon which the same is built, for the sum of twelve hundred and sixty-two dollars and eighty cents, the said sum being the whole amount alleged to be due for the construction of the said barn, and also the said tenant house described in said writ, and not the amount alleged and claimed to be due for the construction of said barn only.

6. Because the said writ of *scire facias* directs the sheriff to make known to the defendant, and to all such

person or persons as may hold, use or occupy the said frame dwelling or tenant house, and the lot of ground or curtilage on which the same is built, and also to make known to the said George Plummer, and all such person or persons who may use or occupy the said frame barn and the lot of ground or curtilage on which the same is built, to show cause why the said sum of twelve hundred and sixty-two dollars and eighty cents should not be levied of the said tenant house and barn, without designating the respective amounts to be levied of said houses or buildings respectively.

The motion to quash was overruled by the Court, (MA-GRUDER, J.,) and exception taken by the defendant.

Judgment on verdict for plaintiff for $1342.76, damages assessed by the jury to be due, with interest thereon from the 19th day of October, 1877, until paid and costs.

From the refusal to grant the motion to quash, the defendant appealed. The facts of the case are further stated in the opinion of the Court.

This cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*Jos. K. Roberts, Jr.* and *William H. Tuck,* for the appellant.

The motion is first to quash the return of the sheriff to the writ, which is simply "*scire feci,*" the usual return to writs of *scire facias* at common law.

The return of the sheriff should show *that notice has been given as required by law,* not only that personal notice has been given to the defendant, as the return "*scire feci*" imports, but that a copy of the writ has been left with some person residing in the *occupied building* or tenant house, and that a copy has been affixed to the front part of the *unoccupied building* or barn.

If other persons than the owner are interested in the building, the sheriff is, in addition, required to give notice by advertisement, &c.

The defendant is entitled to a strict compliance with the statute on the part of the plaintiff, and entitled to the full benefit of any omission. *Code, Art.* 61, *secs.* 28 *and* 29; *Sodini & Leiter vs. Winter, et al.,* 32 *Md.,* 130; *Hess, Reid, et al. vs. Poultney and Brown,* 10 *Md.,* 257; *Tilford vs. Wallace,* 3 *Watts,* 141.

He is entitled, under the statute, not only to personal notice or summons, but to a copy of the writ, in one mode or another. *Carson vs. White,* 6 *Gill,* 23.

The second reason for quashing the writ of *scire facias* is, that the claimant has combined in *one lien claim,* two distinct claims, one for building *a tenant house,* and another for building a *barn,* and while he alleges in the claim, and also in the writ, that the sum of $355.74 is due for the tenant house, and the sum of $907.06 is due for the barn, yet he, at the same time, files his claim for the whole sum, $1262.80, for the construction of the two buildings, *and claims a lien on each building for the whole sum,* $1262.80; whereas, the separate buildings are each responsible only for the separate and precise amount due upon each.

The verdict and judgment, in consequence of this error, are for the whole amount and interest, $1342.76.

The appellant insists that this error is fatal.

*Each building* can certainly only be held liable for the amount due upon *each.* 1 *Code, Art.* 61, *sec.* 1; *Sodini vs. Winter,* 32 *Md.,* 133; *Carson vs. White,* 6 *Gill,* 23; *Okisko Co. vs. Matthews,* 3 *Md.,* 168; *Goepp vs. Gartiser,* 35 *Penn.,* 130.

The defects in the lien claim, and in the writ, were so apparent on their face, that the proper mode to take advantage of them was by motion to quash. *Carson vs. White,* 6 *Gill,* 27; *Baker vs. Winter,* 15 *Md.,* 1.

The judgment as entered is a general judgment *in personam,* and not special *in rem* against each parcel of prop-

erty.   And this defect can be availed of now.   *Baker vs. Winter*, 15 *Md.*, 1; *State vs. Carlton*, 1 *Gill*, 249.

*J. Wirt Randall* and *A. B. Hagner,* for the appellee.

The law is settled, that on a motion to quash a *scire facias,* only such irregularities can be taken advantage of as are *apparent* upon the *face* of the *writ,* and that if questions of facts are involved, they must be pleaded.   *Campbell, Trustee, &c. vs. Booth,* 8 *Md.,* 114.

The only intrinsic evidence of the manner of executing and returning the writ in this case, is that contained in the sheriff's return thereof, "*scire feci;*" and that return, it is submitted, is a correct return, and so far from being evidence in support of the alleged irregularities on the part of the sheriff, is, in this case, conclusive evidence to the contrary.

*a.* The writ of *scire facias,* when issued to enforce a mechanic's lien, shall be served as other writs of *scire facias.* 1 *Code, Art.* 61, *sec.* 28; *Evans' Prac.,* 71, 72, 100, 144, 492; 2 *Evans' Harris,* 498, 509; *McCoy vs. Boyle,* 10 *Md.,* 392; 1 *Code, Art.* 10, *sec.* 12.

*b.* The service of a writ of *scire facias,* is by mentioning it to the defendant.   *Ev. Pr.,* 96.

*c.* And the return of it is *scire feci,* or "*made known."* *Ev. Pr.,* 100; *Tidd's Pr.,* (1124;) *Foster's Scire Facias,* (73 *L. L.,*) 336.

The argument on the part of the appellant is, that as the Code directs a copy of the writ to be left with some person on the place, or affixed to some front part of the building, the sheriff's failure to make return that he has done so, is not only a defective return, but is satisfactory evidence that he has not complied with the law in these particulars; to which the reply is:

1st. The return is correct as above shown, and comprehends all the sheriff's duties in the case.

2nd. That officers of the law are presumed to have acted up to the full measure of their duty, until the contrary is

made to appear.    The maxim, *omnia praesumuntur rite et solemniter esse acta donec probetur in contrarium*, applies especially to them.    *Broom's Legal Maxims*, (50 *L. L.*,) sec. 428; *Bac. Abridg.*, title *Officers*, (*K.*;) 1 *Gr. Ev.*, sec. 40, 13th *Ed.*; *Millar vs. Wilson, Adm'r*, 32 *Md.*, 297.

3rd. That in the ordinary case of *scire facias*, where the sheriff makes return of *scire feci*, the Court will not enter into the validity of the return on motion, but will leave the party to his action against the sheriff for a false return.    *Tidd's Pr.*, sec. 1037; 2 *Str.*, 813; *Crocker on Sheriffs, &c.*, sec. 44; *Watson on Duty of Sheriff*, (7 *L. L.*,) 71–72, &c.

It is also held that the writ shall not abate for want of form.    *Foster's Writ of Scire Facias*, (73 *L. L.*,) sec. 349; *Bac. Ab.*, title *Sci. Fa.*, *D.*

The other objections urged by the appellant in support of his motion, are to the form of the writ itself.    1. In point of fact, it is submitted, the writ in this case, does designate the precise amount claimed on each building with great particularity.

The requirements of the law in respect of the writ in such cases are contained in *sec.* 30.    See also as to the proceedings, *secs.* 8, 19, 21, 26 *and* 31.

2. The claim as filed and the writ, both specify the amount claimed as a lien on each building, and it is the appellant's own fault that separate judgments were not entered against each; the 30th sec. directs how any party in interest may have this done, and it is too late now, when no such application was made to the Court below, for the appellant to take advantage of his own default and claim a reversal of the judgment on that ground.    *Code, Art.* 61, *sec.* 30.

3. In default of the application spoken of in sec. 30, the judgment was properly rendered and no appeal was taken from its form.    *Okisko Co. vs. Matthews*, 3 *Md.*, 168, is not a case in point, there the application mentioned in sec. 30,

*was* made, and the defendant claimed to be *entitled* to separate judgments; in this case he did not.

4. Mechanic lien claims have been frequently apportioned before, where there was real difficulty in so doing, and none need be apprehended here. *McKim & Kennedy vs. Mason,* 3 *Md. Ch. Dec.,* 186, 206; *Wells, &c. vs. Canton Co.,* 3 *Md.,* 234.

Finally, it is submitted, that all the substantial requirements of the law have been more than complied with in this case. The law requires no more. *Carson vs. White,* 6 *Gill,* 27; *Hess, Reid, &c. vs. Poultney, &c.,* 10 *Md.,* 257; *Lauman's Appeal,* 8 *Penn.,* 473; *Harper vs. Keely,* 17 *Penn.,* 234.

BRENT, J., delivered the opinion of the Court.

From the view we take of this case the judgment must be reversed.

While the record is unsatisfactory in showing very clearly from what action of the Circuit Court this appeal is taken, it was conceded in the argument that the appeal is taken, at least, from the refusal of the Court to grant the motion to quash. We shall so consider it.

The counsel for the appellee have argued that the motion applied solely to the writ of *scire facias,* and did not embrace the sheriff's return made upon it. The record shows that in this they were mistaken. The motion of the 5th of March, 1877, does refer exclusively to the *scire facias,* but on the 3rd of April, following, we find another motion to quash, when the defendant by his attorney "moves the Court to quash the writ of *scire facias,* which issued in this cause against him, and the return of the sheriff thereon." Six reasons are assigned, and of these the three first are directed to the sufficiency of the sheriff's return, and the others to alleged defects in the writ. This appeal must, therefore, be considered as presenting for review in this Court, not only the sufficiency of the writ, but also the sufficiency of the return of the sheriff.

While the 41st section of the Mechanics' Lien Law requires a liberal construction to be given to its provisions, it is nevertheless necessary that it should be substantially complied with, before a party, seeking to enforce an alleged mechanic's lien, can do so successfully either in a Court of law or equity. *Hess, Reid and others vs. Poultney & Brown,* 10 *Md.,* 257.

The claim filed in this case is against two buildings owned by the appellant,—the one a tenant house, and the other a barn,—and the amount claimed to be due on each building is separately designated, as required by section 21, of the Article. The proceedings taken by the appellee to enforce his lien is by *scire facias.*

Upon the writ of *scire facias,* which was issued, the sheriff makes return of *scire feci.* To this return as well as to the form of the writ, the objections filed in the Circuit Court are directed.

Following the order of the objections, the first question presented is the sufficiency of the sheriff's return.

Section 28, (Art. 61,) requires that "the said writ shall be served in the same manner as other writs of *scire facias* upon the defendant therein named, if he can be found within the city or county, and a copy thereof shall be left with some person residing in the building; but if not occupied as a residence, the sheriff shall affix a copy thereof upon the door or other front part of such building."

The terms of this section are mandatory, and point out with precision what notice the sheriff shall give in proceeding to execute the writ. It is not sufficient for him to discharge one of the required duties, but he must discharge both. He is not only to serve the writ in the *same manner* as other writs of *scire facias* upon the defendant, but he is commanded, in addition to such service, to leave a copy with the person occupying the building, or in the event of the building being unoccupied, to affix a copy to the door or other front part of such building. An omission to do so

is fatal, and a compliance on the part of the sheriff with one only of these requirements of the law leaves the case in no better attitude than it would be, if the sheriff had failed to make any service at all of the writ.

Now does the return of *scire feci*, endorsed upon this writ by the sheriff, show a sufficient service? The return of *scire feci* is the mode of indicating the service of *other* writs of *scire facias*, and in this case nothing more can be claimed for such return, than is implied by the 28th section of the law,—that is, that this writ was "served in the same manner as other writs of *scire facias* upon the defendant therein named." The return cannot then, by the most liberal construction, be considered as embracing a duty, which the law requires shall be performed in addition to such service.

We must, therefore, hold that the return of the sheriff is insufficient and invalid. It does not show that the required notice has been given by him. In addition to the return of "*scire feci*" he should have returned what was done by him in respect to leaving copies of the writ, or affixing them, as the case may be, to the buildings sought to be affected by the liens.

At the argument, counsel have requested, that the Court would express an opinion as to the effect of a judgment, sustaining a mechanic's lien, upon other claimants not parties, where there has been no notice by advertisement in the papers, as required by the 29th section, and the case of *McKim and Kennedy vs. Mason*, 3 *Md. Chan. Dec.*, 212, has been cited. That question is in no manner raised by this record. It is sufficient, for the case before us, to say, that no such notice is necessary as between the parties to this suit,—the claimant and the defendant.

The writ of *scire facias* is also defective, and for the reason assigned in the objections, filed with the motion, ought to have been quashed. The proceeding is *in rem*, and the lien law makes each separate building responsible

only for the amount, due for material furnished or for work and labor, properly chargeable upon that particular building. If the lien is claimed upon more buildings than one, the amount claimed upon each must be stated, and to this extent the enforcement of the lien is limited. In the present case the lien claim is filed against two buildings, a tenant house and a barn, amounting to $355.74 upon the tenant house, and to $907.06 upon the barn. These two sums are blended together in the command of the writ, and a lien on each building is claimed for the whole sum of $1262.80. It is to this demand that the defendant is required to appear and show cause. The amount of lien claimed on each building should have been stated, so that the defendant might plead to each separately, and the jury be enabled to ascertain the respective sums due.

As the case will be sent back, it is proper to notice the form of the judgment. As it now stands it is a judgment *in personam*, and could be collected by execution and a levy upon any property belonging to the defendant. The lien law subjects only the building affected by the lien and the land appurtenant thereto, to the payment of such lien, and the judgment ought to designate each building, and the sum of money due upon it. In other words, the judgment should be *in rem* and not *in personam*.

As the motion to quash ought to have been granted, the judgment will be reversed.

The claim for a lien is regularly filed, and the claimant will be allowed to issue another *scire facias* if he desires.

*Judgment reversed with costs,*
*and the case remanded*
*for further proceedings.*