CHARLES TREUSCH *vs.* THOMAS J. SHRYOCK and GEORGE L. CLARK.

*Proof under a Mechanic's Lien Claim of the Date of Delivery of Materials—Law of the Case—Judgment under a Mechanic's Lien Claim.*

Art. 61, sec. 19, of the Code, requires the time when the work is done or materials furnished to be stated in the mechanic's lien filed; but if by accident or mistake, and without fraud, the date is erroneously entered, and the proof establishes the doing of the work or the actual delivery of the materials which are charged, and supplies the correct date, which is within the time allowing the lien to be filed, the error cannot be availed of to defeat recovery.

Where an objection to a prayer raised on a second appeal, was not before this Court on the former appeal, and could not be, for it did not appear in the exceptions to have been raised in the Court below, such prayer (so far as this objection is concerned) could not be held to have received the approval of this Court, and to be the law of the case to the end.

A judgment under a mechanic's lien claim against several houses should be for the specific sum due on each house.

APPEAL from the Superior Court of Baltimore City.

The former appeal in this case is reported in 51 *Md.*, 162. The subsequent proceedings are stated in the opinion. The judgment entered in the Court below was "for the plaintiffs for $1053.83, with interest thereon from date until paid, and costs" on a verdict "for the plaintiffs for $1053.83."

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*John B. Wentz*, for the appellant.

Treusch *vs.* Shryock & Clark.

*Fielder C. Slingluff,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This was a proceeding taken on the part of the appellees to enforce a mechanic's lien, and has been ebfore this Court on a former appeal; but upon questions not now presented.

The first exception brings up for review the correctness of the Court's action in granting the appellees' prayer. That prayer is in the following words: " The plaintiffs pray the Court to instruct the jury, if they find from the evidence in the case, that the defendant, O'Connor, was employed by the defendant, Treusch, to build for him the houses in question, and that the defendant, O'Connor, contracted with the plaintiffs to furnish him the lumber necessary to build said houses, and that the plaintiffs did deliver said lumber to said O'Connor, including the item of the 4th of November, A. D., 1876, under said contract, and that notice of the plaintiffs' intention to lay said lien was given the defendant, Treusch, within sixty days from the date of the last delivery of lumber, and that the said lien was duly filed within the time required by law, and that the contract between said Treusch and O'Connor was not at an end on the 4th day of November, 1876, the date of the last delivery, and that the houses had not been accepted in good faith on or prior to the said 4th day of November, 1876, by the defendant, Treusch, then the plaintiffs are entitled to recover the amount of their lien claim, with interest from the 9th of March, A. D., 1877."

The appellant objected to the granting of this instruction for the want of sufficient evidence to support it. " The particulars, in which the proof is supposed to be defective," and all the evidence connected with the supposed defect, have been stated in the bill of exceptions in accordance with the fourth rule of this Court.

The special particulars wherein the evidence failed, as contended by appellant, are:

1st. As to the delivery of the item in the lien claim filed, charged as of June 20th, 1876, amounting to $71.05.

2nd. That the dates stated in the lien claim as the dates of deliveries are not the dates of delivery.

Notwithstanding the dates in the lien claim do, in some instances, appear to be in error, yet the proof seems to have established the actual delivery of the several articles charged, though on other days than those named in the lien; except as to the item of June 20th, 1876, amounting to $71.05. The nineteenth sec. of Art. 61 of the Code does require the time when the work is done or materials are furnished to be stated in the lien filed; but if by accident or mistake, and without fraud, the date is erroneously entered, and the proof establishes the doing of the work or the actual delivery of the materials which are charged, and supplies the correct date, which is within the time allowing the lien to be filed, we do not think the error can be availed of to defeat recovery. Any supposed errors, therefore, in the dates of delivery named in the lien, and corrected by the proof, furnish no substantial ground of objection to the prayer. But as to the item charged in the lien as of June 20th, 1876, amounting to $71.05 according to the certificate of the proof in the bill of exceptions, the evidence wholly failed. From the receipts offered in evidence no delivery of that date is established; and it does not appear that the articles charged as of that date were delivered at another time. In fact the Judge certifies, there was no other evidence of delivery of that item, and no receipt for it. In that state of the proof it was clear error, on the part of the Court, to instruct the jury if they find the facts recited in the prayer, "the plaintiffs were entitled to recover the amount of their lien claim, with interest from the 9th of March, A. D., 1877." That language had not been preceded with any statement that the jury were required to find the actual delivery of all the materials charged in the

Treusch *vs.* Shryock & Clark.

lien. It only required them to find a contract to supply the lumber necessary to build the houses and had supplied it. It did not follow, that the item alluded to was necessary for that purpose. If it was supplied for that purpose, and was not used, it would make no difference, so far as the liability and lien were concerned, if it was actually ordered and delivered. It being found unnecessary could not deprive the plaintiffs of their right to recover. The supply of what was necessary, therefore, did not of necessity cover this item, and it was misleading to the jury to instruct as was done. If instead of the concluding language of the instruction already quoted, the jury had been instructed that "then the plaintiffs are entitled to recover the several items of their lien claim which the jury may find to have been actually delivered," no objection could have been made to the instruction. Some language should have been employed to direct the mind of the jury to the fact, that they were to find all the items actually furnished, for which they rendered their verdict. When this case was before this Court on the former appeal, the appellees' prayer was held defective for reasons which are now obviated. The objection now raised was not then before the Court, and could not be, for it did not appear in the exceptions to have been raised in the Court below. The prayer, therefore, in its present form, cannot be held to have received the approval of this Court and to be the law of the case to the end, as has been contended.

As a new trial will be ordered, it is not necessary for us to say anything with reference to the questions embraced in the second bill of exceptions, except to say that the judgment as rendered, was erroneous. It is a judgment *in personam* instead of *in rem*. The jury, by their verdict, ought to have found the specific sum due on each house, and the judgment should have been entered accordingly. That is in accordance with the practice and the former rulings. *Plummer vs. Eckenrode*, 50 *Md.*, 234;

*Wilson vs. Merryman*, 48 *Md.*, 330. Inasmuch as this defect can be cured in this case in a way which is certainly right, it is unnecessary for us to decide the question whether, if there was no other error, the Court could not correct it and apportion the judgment between the several houses.

*Judgment reversed, and*
*cause remanded.*