*Isidor Rayner* and *John F. Williams*, for the appellant. *John C. Rose*, for the appellee.

## JOHN L. HERMANN *vs.* F. MERTENS' SONS.

*Mechanics' Lien—Delivery of Materials and Due Notice of Intention to Claim a Lien Established by the Evidence.*

Appeal from a decree of the Circuit Court for Allegany County (STAKE, J.) *Affirmed.*

The decree directed the sale of certain property belonging to the appellant and situated in the city of Cumberland to satisfy a mechanics' lien. On May 8th, 1893, the appellant made a written contract with a certain Otho H. Hewitt to erect in said city a building to be used as a store-house, for which the appellant was to pay the sum of $3,650.00. Shortly after the date of said contract Hewitt purchased part of the material to be used in the proposed building from F. Mertens' Sons, who are lumber dealers in said city, and the appellees in this appeal. The amount of the bill for lumber and material furnished to said building by the appellees is the sum of $1,148.48, subject to certain credits, leaving a balance of $806.17, to secure the payment of which the appellees on the 14th on December, 1893, filed their lien ; having previously on the 9th of December, 1893, given notice to the appellant of their intention to claim such lien. On the 14th of July, 1894, the appellees filed their bill to enforce said lien ; whereupon the appellant filed his answer, denying nearly all of its material allegations. The appellant by his answer admits that at the time of furnishing said lumber and materials to said Hewitt he was the contractor and builder of a store-house then in course of construction upon a lot of land owned by the appellant in said city. The payment of the lien was resisted by the appellant. First, because there is no legally sufficient proof of the sale and delivery of the materials claimed to have been furnished to the appellant. Second, because notice of an intention to claim a lien was not given within the time required by Art. 63, sec. 11 of Code. This section of the Code reads as follows : '' If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder, or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within sixty days after furnishing the same, he, or his agent, shall give notice in writing to such owner or agent, if resi-

dent within the city or county, of his intention to claim such lien."

The Court said : " The rule of construction which is to be applied to the section of the Code just quoted, is found in section 41 of the same Article and reads as follows : ' This Article shall be construed and have the same effect as laws which give general jurisdiction, or are remedial in their nature.' " This Court, in *Plummer* v. *Eckenrode*, 50 Md. 232, has defined the meaning of and placed certain restrictions upon this provision of the Mechanics' Lien Law, where it has said, " While the 41st section of the Mechanics' Lien Law requires a liberal construction to be given to its provisions, it is nevertheless necessary that it should be substantially complied with, before a party, seeking to enforce an alleged mechanics' lien, can do so successfully either in a Court of Law or Equity. *Hess, Reid and others* v. *Poultney & Brown*, 10 Md. 257." With this brief reference to the law we will examine the testimony contained in the record. As already stated the contract between the appellant and Hewitt, the contractor, was executed on the 8th of May, 1893, shortly thereafter Hewitt applied to the appellees to supply certain lumber and materials required in the construction of the building, which they agreed to do. From time to time orders were left by Hewitt with appellees for such lumber and materials as were needed in the progress of the work on the building, and the lumber and materials were loaded upon the appellees' wagons at their yards in Cumberland and hauled away by their employees, whenever directed to haul the same to the appellant's building then in course of construction. The building was completed and no word of complaint was ever at any time made by the appellant, or by any person, of a failure on the part of the appellees to deliver the lumber and materials as they were needed, and had from time to time been ordered. Nor is there any substantial evidence, in fact or pretense, to be found in the record that the appellees had failed to fulfill their contract in supplying said lumber and materials. The pleadings as well as the proof offered demonstrate to our

entire satisfaction that the lumber and materials were fur-
nished as they were called for, except in some minor par-
ticulars of very insignificant consequence, which have no
probative force in the determination of the question of de-
livery.    The second contention upon which it is claimed
the decree should be reversed is that notice of an intention
to claim a lien was not given within the time required by
law.    It is claimed by the appellant that the building was
finished on the 6th of October, 1893, and to establish this
fact, the appellant rests his contention almost exclusively
upon the testimony of Mr. Forbeck, who when asked, " Did
you notify Mr. Herman of the completion of the building?"
responded, " Yes, sir, when I came down the stairway into
the store-room, I made the expression in a joke.    I says,
' Johnny, your old house is finished.' "    On cross-examina-
tion when asked whether he knew the building was com-
pleted in accordance with the specifications, he answered that
he could not tell ; had not seen them and could not tell
what they called for.    The witness doubtless thought the
building was completed on the day he named, the 6th of
October, but it is giving too much weight to his testimony
to permit him to determine the effect of a contract about
which he knew absolutely and confessedly nothing.    When
Forbeck informed the appellant that his house was finished,
he, the appellant, made an entry in his book, which has
been cut therefrom and filed as an exhibit with his testi-
mony and reads as follows : " House done, all but transom
glass, Oct. 6, 1893.    Transom glass put in Nov. 17, 1893,
by Charles and father " (meaning Hewitt and Son).    As we
have said, it would be giving undue weight and importance
to the testimony of Forbeck, who was but an employee of
Hewitt, to allow him to terminate the contractual relation-
ship existing between the appellant and Hewitt, or the ap-
pellees, simply because he thought he had completed the
building.    If we are to accept the construction placed upon
Forbeck's statement by the entry made by the appellant in
his book, then the building was not completed until the
transom glass was put in on Nov. 17th, 1893.    Looking to

the contract, which is entire and not divisible, it is quite manifest that it required Hewitt to put in the transom and the appellees contracted to furnish the same. It is very true that there was some delay in obtaining the glass for the transom, but it is in no sense properly attributable to the appellees, as it was occasioned by the desire of the appellant to have a certain kind of glass, not succeeding in procuring such as he preferred, he was permitted to select the same. When obtained it was charged to Hewitt and on the 11th of November, 1893, the appellees credited Hewitt's account with the amount of the bill for the glass. This was the last item in the account for the materials furnished the appellant for the completion of his building, and none were supplied by the appellees after the last-mentioned date. From a careful examination of all the proof contained in the record, we are of opinion that it clearly establishes the sale and delivery of the materials and lumber claimed to have been furnished the appellant by the appellees, and we entertain no doubt that the notice to claim a lien by the appellees was given within the time required by law."

Opinion by ROBERTS, J., filed January 21st, 1898. Recorded in Liber J. F. F. and A. R. No. 1, folio 59 of " Opinions Unreported."

*J. W. Thomas* and *Robert H. Gordon*, for the appellant. *Albert A. Doub*, for the appellees.

