Cook, Borden & Company, Inc.
vs.                                    Eq. No. 7781.
R. Z. L. Realty Corporation

January 11, 1929.

TANNER, P. J. This is a petition for material under a mechanic's lien and is heard upon exceptions to the master's report.

The first point made by respondent is that the commencement of legal process by filing an account is invalid because two items were incorrectly stated in the account. Both these items as of the correct date were within the necessary time.

"An error in stating the date, accidentally made or made without fraudulent intent, may be cured by proof of the correct date if it appears that this was within the time allowed for filing the claim."

*Treusche* vs. *Shryock*, 55 Md. 330; 2nd Jones on Liens, p. 636, Sec. 1407.

The second exception is to the effect that 'no recovery on this account could be had because the petitioner was a. foreign corporation, and had not complied with the laws of the State of Rhode Island.

The validity of this exception is dependent upon the question of whether or not the contract for lumber was made in Rhode Island or Massachusetts. The master has found that the contract was made in Massachusetts, and therefore enforceable in this State. Great stress is laid by the respondent upon the fact that the agent of the petitioner who came to this State to negotiate a sale changed his testimony during the hearing so as to make it appear that the contract was not completed in this State, because the completion of said contract depended upon acceptance in Massachusetts by another officer of the company. While this is a valid argument, we do not think it is strange that a witness who has no appreciation of legal status of the contract might, in his first recital of it, give only those facts which appeared to make a completed contract, but should subsequently state a fact which did not at first appeal to him as important; to wit: the fact that the offer of the petitioner was dependent upon confirmation by another officer of the petitioner. We do not feel justified in reversing the master's finding for this reason.

The point was also made that, inasmuch as the offer in Rhode Island was a verbal one, but the acceptance in Massachusetts was a written one, the contract was in writing, and therefore the petitioner cannot recover under Section 5 of the lien statutes. It is, however, held that a contract which is not entirely in writing is regarded as an oral or verbal contract.

13 C. J., p. 246, Sec. 13, Note 94.

Another point raised was that the contract was completed in Rhode Island because the written one made in Massachusetts was transmitted to the respondent in Rhode Island.

But, "if, on the other hand, the agent merely transmits orders to his principal which are in effect offers and the principal accepts them in another state, the contract is considered as made where the principal accepts the offer."

6th Page on Contracts, p. 6181, Sec. 3574.

*Perry* vs. *Mt. Hope Iron Co.*, 15 R. I., p. 380.

The exceptions are overruled, and the report is confirmed.

For complainant: Ralph M. Greenlaw.

For respondent: McGovern & Slattery.