| James H. Tower Iron Works vs. R. Z. L. Realty Corporation | Eq. No. 7805. |

January 11, 1929.

TANNER, P. J. This matter is heard upon exceptions to the master's report allowing a lien for materials used and furnished on the respondent's real estate.

1. The first question raised upon exceptions is whether or not the contract was verbal or in writing.

The testimony of the witnesses is to the effect that the contract was verbal, although a memorandum of the verbal contract was subsequently made by the petitioner and sent to the contractor. We think it is quite in accordance with business custom that a

contract may be made orally and that a subsequent memorandum of the oral contract is made. We can not say that the master was wrong in deciding upon the testimony that the contract was verbal.

2. The second exception is that the petitioner's claim was one on general account and did not entitle the petitioner to a lien.

The mere fact that on the ledger the account was posted as a general account against the contractor is by no means decisive of the question. The real question is whether or not the material was furnished to be used upon this job and was so used. On this point the evidence is very clear that all the steel furnished was made for this particular building and fitted to that building; also that all the steel furnished was used in said building. This is all that was necessary, we think, although it is also shown that the journal account for material furnished specifically refers to this particular building.

3. The next claim is that the lien was one for work and labor as well as for furnishing materials and that the labor started more than six months prior to the filing of the account.

This exception is based upon the evidence that the petitioner's engineer consulted with the architects on the building as to the plans for and the way in which the steel work was to be designed and furnished, although the steel furnished was charged for by the parties. In other words, the bill was made out and sent only for material. We do not think that the mere fact that the engineers for petitioner, as preparatory to the furnishing of the material, assisted in the design for the work, or the fact that their time for so doing was figured in as a part of the cost of the material as delivered, make this a claim for labor rather than for material. The fact that a material man might make measure-ments or designs for the making of the material which he was to furnish in a finished state and for which he charged, when finished, as a whole, would not make this a claim for labor as well as material.

4. Did the petitioner commence to deliver material prior to September 22, 1925?

This is purely a question of fact and we think the master was entirely justified in finding that such delivery was not made prior to September 22, 1925. While the testimony is conflicting, the testimony for the petitioner is based upon a number of records which check each other and which records were kept by different parties, and therefore are entitled to much greater credit than that of the merely verbal memory of a number of people who worked about the job.

5. Is the petitioner entitled to a lien for the value of 12 Lally columns delivered on September 22, 1925, where the lien account indicates that they were delivered on a later date?

"Error in stating the date, accidentally made or made without fraudulent intent, may be cured by proof of the correct date, if it appears that this was within the time allowed for filing the claim."

*Treusche* vs. *Shyrock*, 55 Md. 330; 2nd Jones on Liens, p. 636, Sec. 1407.

The exceptions are overruled and the master's report is confirmed.

For petitioner: R. E. Lyman of Greenough, Lyman & Cross.

For respondent: McGovern & Slattery.