CHARLES MILLER *vs*. TRUSTEES OF TRINITY UNION METHO-
DIST EPISCOPAL CHURCH.

JULY 3, 1917.

PRESENT:    Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Mechanic's Lien: Separate Buildings.*

Where estate of respondent in a proceeding for mechanic's lien comprised
two adjoining lots, one conveyed several years after the other, with a
church building on the first lot and a Sunday School building on the
other lot, the two buildings being used to carry on customary church
work and for convenience being connected by a passageway providing
an unexposed means of communication, light, heat and water being
supplied to the Sunday School building by means of wires, steam and
water pipes extended from the church building through the connecting
corridor, an account lodged for the purpose of commencing legal pro-
ceedings is not defective because it does not specify the items charge-
able to each building, since the structures on the above facts cannot be
regarded as separate and independent buildings.

*(2)  Mechanic's Lien. Filing Account. Abandonment of Previous Ac-
count.*

Where petitioner had filed several defective accounts, his filing a later
account within the required statutory time, on which account he took
the further statutory steps in the establishment of his lien, is evidence
of an intention to abandon all accounts previously filed.

*(3)  Mechanic's Lien. Abandonment of Account.*

A petitioner for mechanic's lien is not required to stand upon a defective
account which he has filed, but may abandon it and file another account
within the statutory period.

*(4)  Mechanic's Lien. Time.*

Where the statute fixes a period within which proceedings may be insti-
tuted for the establishment of a mechanic's lien, one who deals with
the estate before its expiration must do so at his peril.

MECHANIC'S LIEN.    Heard on appeal of petitioner and
sustained.

VINCENT, J.    This is a petition to establish a mechanic's

lien upon land and buildings belonging to the Trinity Union Methodist Episcopal Church. The cause comes before this court upon the petitioner's appeal from a final decree of the Superior Court denying and dismissing his petition. The petitioner's claim is for certain extra work and materials furnished by him in the construction of a certain building owned by the respondents.

It appears that the Thomas F. Cullinan Company entered into a written contract with the Trustees of Trinity Union Methodist Episcopal Church to erect a certain building, for Sunday school purposes, upon the premises owned by them and located at the corner of Bridgham street and Trinity Square in the city of Providence; that the contract for the painting was sublet by the Cullinan Company to Charles Miller, the present petitioner; that the petitioner delivered certain materials and commenced work under his painting contract on May 3, 1915, and rendered his bill to the Cullinan Company for $1,000, which was the entire amount of the contract price; that the petitioner on the 4th and 5th days of October, 1915, performed certain extra work and supplied certain extra materials amounting to $32.86, rendering a bill therefor on October 11, 1915; that the petitioner performed some work around a doorway in the church, a building adjoining the Sunday school building and standing upon a separate and adjoining lot of land; that the Sunday school while being erected was connected with the church by a corridor, electric wires, water and steam pipes, etc.; that a notice of intention to claim a mechanic's lien was served on the respondent on November 5, 1915, and on the same day a copy thereof was placed on record in the office of the recorder of deeds in Providence; that the petitioner on January 6, 1916, lodged his account or demand in the office of said recorder of deeds and filed his notice setting forth the land and to whose interest therein the account or demand referred for the purpose of commencing legal

proceedings; that the petitioner afterwards lodged in the office of said recorder of deeds three other accounts or demands each of which was followed by a notice setting forth the land and to whose estate the account or demand referred for the purpose of commencing legal proceedings. These accounts were filed respectively on January 31, 1916, February 25, 1916, and February 29, 1916; that on March 1, 1916, within twenty days after the lodging of the fourth account, and the demand and notice, the petitioner filed in the office of the clerk of the Superior Court for Providence County his petition to enforce said claim of lien, attaching thereto notice of the last account or demand filed under date of February 29, 1916; that notice of the filing of said petition was duly given by the clerk of the Superior Court for Providence County.

All these accounts were filed within the statutory period of six months from the commencement of the work and the furnishing of the materials which are the subject of the claim, and the petition to enforce the lien was filed in the clerk's office of the Superior Court within twenty days after the lodging of the fourth account, demand and notice.

(1)    The respondent claims that the petitioner is seeking to enforce a joint lien on two separate buildings, that is, that the Sunday school building, although connected by means of a corridor, electric wires, water and steam pipes, *etc.,* is, in contemplation of the statutory provisions, two separate buildings and that the petitioner's account lodged with the recorder of deeds fails to separate and specify which items apply to the Sunday school building and which apply to the church building. The respondent also claims that the petitioner cannot be permitted to file more than one account within the required period of six months from the commencement of the work or, in other words, that the second, third and fourth accounts filed must be regarded as amendatory of the first

account filed on January 6, 1916, and that being so the petition to enforce a lien was not filed in the office of the clerk of the Superior Court within twenty days after the commencement of legal proceedings.

The respondent, admitting for the purpose of argument that the petitioner may abandon the first three accounts filed by him for the purpose of commencing legal process and can rely upon the fourth account filed February 29, 1916, contends that such fourth account is fatally defective in that it does not specify which items are chargeable to the Sunday school building and which items are chargeable to the church building.

The estate of the respondent at the corner of Bridgham street and Trinity Square comprises two adjoining lots of land, one having been conveyed to it March 14, 1864, and the other November 10, 1909. The church building, so-called, is situated upon the first named lot and the Sunday school building upon the other lot. These buildings are used by the respondent for the purpose of conducting and carrying on its usual and customary church work and the two structures are, for more convenient use, connected by a passageway providing an easy and unexposed means of communication from one to the other. Light, heat and water are supplied to the Sunday school building by means of wires, steam and water pipes extended from the church building through the connecting corridor before mentioned.

The respondent has cited Section 7, Chapter 257, General Laws of 1909, and also several Rhode Island cases in support of its contention that the account is defective in not specifying the items chargeable to each building. In order to extend to these authorities any applicability to the case before us it would be necessary to reach the conclusion that the church and Sunday school buildings were separate and distinct structures. In *Bouchard* v. *Guisti*, 22 R. I. 591, the notice failed to state that the materials

were furnished for any building or improvement at all.

In *McElroy* v. *Keily,* 27 R. I. 64, it was held that the petitioner should have filed a separate notice of his intention to claim a lien upon each house and a separate account for each house of the material furnished and used in it. In that case, as the court said in its opinion, " The houses were exactly alike but were not joined together in a block, but separated and adapted to be occupied each with a separate curtilage."

In *Butler & Co.* v. *Rivers,* 4 R. I. 38, the petitioner proceeded against two several estates having distinct owners and sought to charge both estates for the work and materials furnished for each, as the court said, " in effect to make one of them chargeable with work and materials expended upon the other."

In *McDuff Coal & Lumber Co.* v. *Monaco,* 32 R. I. 323, the petitioner undertook to proceed upon the theory that inasmuch as three houses on separate tracts of land were undergoing construction at or about the same time, they had a general lien upon all of them for a general balance due on the assumption that probably approximately one-third of the materials had been used in each house and that consequently they could include all three claims in one proceeding.

The respondent claims that it appears from the foregoing cases to be incumbent upon one desiring to establish a mechanic's lien for materials furnished and used in the construction of more than one building, whether such building be upon the same or adjacent lots of land, to describe each lot and building separately and to particularize in his account the items chargeable to each. We have no controversy with such deduction from the cases cited. As before stated, in order to make them applicable it must be assumed that the church and the Sunday school structures are separate and independent buildings. We cannot so hold. The whole tract of land is owned by

the respondent; the buildings are used for one general purpose; they are physically connected, the one being dependent upon the other for light, heat and water. We think that under these conditions the respondent's claim of two separate and distinct buildings cannot be accepted. In fact, to carry out and establish the connecting corridor, work upon both structures would be required and the determination of a proper dividing line between the two would be difficult if not impossible.

(2)    The respondent further contends that the account lodged with the recorder of deeds February 29, 1916, that being the fourth account, is fatally defective because it is in amendment of the first account filed January 6, 1916, and cites *Harris* v. *Page,* 23 R. I. 440.  In that case the petitioner sought to amend his account by extending it or adding thereto items not appearing in the original statement.  The opinion does not state specifically whether the application to amend was made before or after the expiration of the time allowed by statute for filing an account as the commencement of legal process to establish a lien, but it may be reasonably presumed that it was after, for otherwise the petitioner might have filed a new account and raised the same question which we are now discussing.

The respondent further claims that the filing of the first account on January 6, 1916, was the commencement of legal process and that within twenty days thereafter the petitioner was bound to file his petition in equity in the Superior Court and failing to do so lost his lien.  The petitioner on the other hand claims that he is not limited under Section 7 of Chapter 257 to the filing of one account but that he can file other accounts, waiving and abandoning all former ones, provided the last account is filed within the time limited for the commencement of legal process and his petition to enforce the lien is filed within twenty days thereafter.

It is apparent that the first three accounts filed by the petitioner, for one reason or another, were defective. The fourth account was filed within the required time and the fact that the petitioner proceeded further in the establishment of his lien upon the fourth account only, is evidence of an intention upon his part to abandon all accounts previously filed.

(3    To say that the petitioner must stand upon the first account filed, however defective it may later be discovered to be, and that he cannot abandon it and file another account within the statutory period, would in our opinion be inflicting upon a petitioner an unnecessary and unwarranted hardship which the statute neither requires or contemplates.

The respondent argues that after the filing of the first account innocent parties might reasonably infer that the full amount of the claim had been disclosed and thus be led into dealing with the estate to their disadvantage should the filing of a later account be permitted. We do (4) not see any great force in this argument. The statute fixes a period within which proceedings may be instituted for the establishment of liens and one who deals with the estate before its expiration must do so at his peril.

The appeal of the petitioner is sustained, the decree of the Superior Court denying and dismissing the petition is reversed and the cause is remanded to the Superior Court with direction to enter a decree establishing the lien of the petitioner upon the estate of the respondent described in the petition for the sum of $32.68.

*Charles H. McKenna,* for petitioner.
*Gardner, Pirce & Thornley,* for respondent.
*Thomas G. Bradshaw,* of counsel.