COOK, BORDEN & COMPANY, INC. *vs.* R. Z. L. REALTY CORPORATION.

THE JAMES H. TOWER IRON WORKS *vs.* SAME.

DECEMBER 4, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. These are appeals from decrees of the Superior Court confirming a master's report that petitioners

were entitled as materialmen to mechanics' liens for lumber and fabricated structural steel furnished "without written contract" on order of the Radding Construction Co., which had contracted with respondent to make certain alterations in a building in Providence which respondent held under a leasehold interest.

(Cook, Borden & Co., Inc., claim.)

The lien was allowed for $2,669.27 by virtue of General Laws, 1923, Chapter 301, Section 5. Notice of intention to a claim and "commencement of legal process" to enforce took place in due season in proper form to satisfy the requirements of Section 7 and was followed in due time by the petition in equity required by Section 9, accompanied by an exhibit, "setting forth the particulars" of the account or demand. These particulars were identical with those stated in the "commencement of legal process" filed in the office of the Recorder of Deeds. They were itemized and showed various dates of delivery between October 1 and November 10, 1925, and the price, amount, kind and quantity of material furnished on the several dates. The total charge therefor was $2,667.41.

Among the items was one under date of "October 7, 1925" for "229.23" and another, "October 20, 1925" for "$137.50." The testimony showed that these items were actually delivered on October 6 and October 21 in said year and that the error in dating was a clerical one. Amendment of the bill of particulars attached to the petition in equity was permitted to conform to the facts. The papers show that the same written changes were made on the copy of the statement of account filed as commencement of legal process, called Exhibit B., attached to the petition in equity as on the bill of particulars attached to the petition in equity as Exhibit A, but examination of the transcript shows that the master's ruling was only that the bill of particulars might be amended.

Respondent asserts as its first reason of appeal that the Superior Court erred in permitting the amendment. It

urges that the error in dating created a substantial omission from the account of any such claim as is now made under dates of October 7 and October 20; that this omission prevented the court from having authority to decree a lien. *Hawkins* v. *Boyden*, 25 R. I. 181.

In the *Boyden* case we said that the notice given by the account lodged to "commence legal process" was jurisdictional; that its purpose was to inform the owner and the public of the nature and extent of the account for which the lien is sought and that omissions from that notice are substantial and can not be supplied by amendment. The court was there referring to amendments of a kind which might enlarge the total amount claimed in the account and cited *Murphy* v. *Guisti*, 22 R. I. 588; *Harris* v. *Page*, 23 R. I. 440. Such amendments are substantial.

A correction in a delivery date is not extending or adding to the account. When the date as corrected still leaves delivery within the required period, there is no substantial alteration of the account. The situation is not the same as if no claim on a specific contract has been made and the petitioner, by amendment, is seeking for the first time to assert a specific unliquidated claim, as in *McPherson* v. *Greenwell*, 27 R. I. 178.

In the case before us the account filed as "commencement of legal process" showed the nature and the extent of the account and was completely itemized. Itemization as fully as occurred was not necessary to give notice to the owner and the public. The erroneous date in the account which was filed as commencement of legal process pursuant to Section 7 was surplusage. The correct date left all deliveries within the necessary time to sustain petitioner's lien. Authority of the court to permit amendment in order to clarify the bill of particulars accompanying the petition in equity is clear. *McPherson* v. *Greenwell, supra*. Confusion here was created because the bill of particulars which was amended was identical with the account commencing legal process, and by some one's error the dates were altered on

the copy of the latter attached to the petition in equity. Allowance of the amendment was proper. 2 Jones Liens, p. 636, § 1407. 40 C. J. 209. In *Treusch* v. *Shryock*, 55 Md. 330, such amendment was allowed under a statute requiring dates to be specified in the claim. See also *Phelan* v. *Cheyenne Brick Co.* (Wyoming), 188 Pacif. 354, where proof of the correct date of the last delivery (Sept. 13) was permitted although an inadvertently erroneous date in the claim (Sept. 11) would have shown that proceedings had not been instituted within the time required after the last delivery.

It was admitted that petitioner had not complied with G. L. 1923, Ch. 248, Sec. 65 (3530) so as to be authorized to do business or enforce a contract made in this State. The question therefore arose where the contract was made. Petitioner asserted that the contract was made in Massachusetts. *Perry* v. *Mt. Hope Iron Co.*, 15 R. I. 380. Its terms were certainly discussed and agreed upon in Providence by petitioner's treasurer, Eagan, so far as Eagan had authority to fix prices, and the Radding Construction Company's agent, Sullivan; but it is clear that the contract was not closed in Providence on July 30, 1925. The conversation that day ended by Sullivan telling Eagan that "the order will probably be yours." The evidence of Eagan not denied by Sullivan was that when he, Eagan, left Providence, he, Eagan, told Sullivan that the prices must be approved by Hartley, the price-maker for petitioner at Fall River but that he, Eagan, had little doubt that such approval would be given.

Whether the testimony of Eagan at the several hearings was an honest statement of the facts as he recalled them or an intentional alteration of his prior evidence after the importance of the matter became clear to the witness, was peculiarly a question for the master, who saw and heard the witnesses. As stated in his report by the master, had Sullivan denied Eagan's testimony, the circumstances and correspondence, together with Eagan's recall and alteration

of testimony, would have rendered the truth of his testimony exceedingly doubtful but Eagan's evidence was undisputed and it is entitled to stand because not otherwise shown to be plainly false.

We can not say from the documentary evidence or a careful reading of the testimony that the master was so clearly wrong that we should reverse his finding of fact, especially when fortified by the approval of the Superior Court.

Accepting Eagan's testimony, petitioner's contention is sound that the contract, made by the letters of July 8 and 9, and oral talks prior to and including July 30 and the written acknowledgment from Eagan at Fall River, on July 30 after conference with Hartley, was made in Massachusetts. It was not a written contract. Eagan's letter confirmatory of the oral contract, though it may have been evidence indicative that a contract had been made, was not itself a written contract. It was merely confirmatory of an oral conversation. A confirmatory letter of a prior oral contract does not make the contract a written one unless the letter be mutually adopted by the parties as doing so. *Heroy* v. *Reiley*, 84 N. J. L. 671; *Simpson Plumbing and Heating Co.* v. *Geschke*, 75 N. J. Eq. 394. A contract partly oral and partly written is in legal contemplation an oral one. 13 C. J. 246, § 13, n. 94; *Evans* v. *Schoonmaker*, 2 App. Cas. D. C. 62; *Board of Commissioners* v. *Shipley*, 77 Ind. 553; *Tishbein* v. *Paine* (Ind.) 100 N. E. 766; 6 Page on Contracts, 6181, § 3574.

We find no error of the Superior Court in the decree on the claim of Cook, Borden & Company, Inc.

(James H. Tower Iron Works claim.)

In this claim the master found petitioner entitled to a lien for materials furnished to the value of $11,585. Testimony was lengthy. The case was argued carefully before the master and, on exceptions to his report, was argued in like manner to the Superior Court. The present appeal is from a decree confirming the report.

So far as it is claimed that error was plainly made in finding the first delivery of Lally columns to have been on or subsequent to September 22, 1925, we can not sustain the appeal. The question was one of fact. The master saw and heard the witnesses and examined documentary evidence. We have likewise examined the latter and read the transcript. The conflict in testimony is plain. Respondent's position is presented with clarity and force but we agree with the master and the Superior Court that the record evidence points toward the correctness of petitioners' contention and is more apt to be correct than the memory of workmen and others. We are unable to say that the evidence so clearly preponderates against delivery on or after September 22 that we should reverse the decree.

Finding the first delivery to have been made on September 22, 1925, commencement of legal process on March 22, 1926, was within the six months' period prescribed by Chapter 301. G. L. 1923, Ch. 32, Sec. 12. *Patterson* v. *St. Thomas' Church,* 18 R. I. 349.

Respondent urges that the "lien account," Exhibit A, attached as a bill of particulars to the petition in equity, filed to enforce the lien pursuant to Section 9, Chapter 301, shows no Lally columns delivered on September 22; that it does show the first delivery of them to have been on October 1, 1925, and that testimony was inadmissible to prove that the correct date of delivery was September 22, instead of October 1st. Respondent admits that the explanation does not place the delivery outside the limits within which a lien could be claimed, *viz.,* first delivery, September 22, 1925, and "commencement of legal process" on March 22, 1926. We have just discussed in the Cook, Borden & Company's claim the effect of the mistaken placing in an account of a date of delivery and held that it may be corrected if it does not enlarge or change the nature of the claim. In addition to citations heretofore made see *Union Trust Co.* v. *Casserly,* 127 Mich. 183, where the error was in the date of the first and last deliveries. Testimony to show that September 22

was the correct date of the first itemized delivery on the bill of particulars was properly admitted.

Respondent urges in its supplementary brief the claim that the contract was a written one. In this we think it is in error. Plainly the contract was verbal in its inception and confirmation of the verbal contract by a writing signed by petitioner only could not make a written contract out of one not in writing. There is no written acceptance by the Radding Construction Co. of the so-called confirmatory letter as stating the contract which actually had been made nor does the letter itself (Exhibit C) indicate that it was intended to be the entire contract. As pointed out formerly, a contract partly written and partly oral is in legal contemplation a "contract not in writing" and hence a proper basis for a lien under Chapter 301, Section 5.

Respondent contends that petitioner's books show this claim to be one on general account and not solely for the specific job because petitioner on the Radding account in its books entered certain charges on contracts where the Radding Company was doing work for others than respondent and that credits were given for payments on these accounts. Respondent argues correctly that if credit is given on general account, the materialman may not have a lien on a building into which it later may find that the material has gone. *Grimwood* v. *Greene*, 42 R. I. 225; *Phillips Lead & Supply Co.* v. *Swartz*, 47 R. I. 203, the reason for denial of lien in such case being that mechanic's lien laws are to be strictly construed. To the latter doctrine this State is committed. *McParlin* v. *Thompson*, 32 R. I. 291; *Heck* v. *Casey*, 34 R. I. 389; *R. I. Marble & Tile Co.* v. *Spear*, 49 R. I. 441.

Strictly construing our law it does not follow that a method of bookkeeping is conclusive as showing that petitioner is giving credit on a general account. The vital question, as said by the Superior Court, is whether "the material was furnished to be used on this job and was so used." That the material was furnished for this particular job and was used thereon admits of no dispute. In the

present case petitioner's bookkeeping shows with uncommon clarity all that took place between petitioner and the Radding Construction Company. All entries concerning the items for which the lien is claimed, including the labor time of the fabricators of the material, appear on petitioner's records under order No. 2189 which is the book reference number to this job. The testimony shows the credit items in the account were not for materials placed by the Radding Construction Company in the R. Z. L. Realty Corporation's building but were for materials furnished elsewhere by the Construction Company and the credits were applied other than on general account because so directed by the person making the payment. *Harris* v. *Gilbert*, 46 R. I. 350. Even without directions concerning the application of payments on an account, petitioner would have been entitled to apply them to the earliest items charged and such application in this case would have applied the credits to items before August 1, 1925, which was prior to any of the deliveries for which petitioner here sought a lien. Petitioner is not barred from its lien by reason of its book entries.

That petitioner's claim is on an entire contract has not been disputed. *Heck* v. *Casey*, *supra*. Respondent, however, contends that it is not a contract for sale of materials but is one for work and labor as well and that the work and labor to prepare the materials itemized on the bill of particulars commenced more than six months prior to March 22, 1926, and hence took the claim outside of Chapter 301, Section 5. It may be conceded that petitioner's work preparatory to manufacture of the materials commenced prior to September 22, 1925, and that if the claim is one for work and labor as well as for materials petitioner is not entitled to a lien because of failure to comply with Chapter 301. Respondent makes a forceful argument from the labor time sheets but we are not convinced that the Radding Construction Company contracted for labor as well as materials. It was not concerned with the labor element. The bill of particulars as filed is for "fabricated structural steel and

Lally columns." It is carefully itemized to show sizes and reference is made to the slips for each item. It is true that petitioner had to make certain measurements before fabricating the material and had to cooperate with the architect and did some drafting of a kind often done by an engineer. It is also in evidence that petitioner's labor in this respect was charged as a part of the cost of the finished material. Labor costs were allotted to the various items according to petitioner's experience in the making of such articles. Such allotment was incapable of minute exactness. It was petitioner's method of establishing the cost to be charged for each item of the finished product which it had contracted to deliver to the Radding Construction Co. It was a charge for labor only so far as the labor cost became an integral part of the cost of the finished product. It was petitioner's usual method of procedure in fixing a charge for its product. It was not what respondent terms an eleventh hour attempt to transmute a claim for labor which was unenforceable under the lien law into one for materials which might be enforced under that law. Petitioner is not now attempting by subterfuge to bring this claim into the category of one for materials.

The error in respondent's contention arises because more or less labor goes into the manufacture of any article of merchandise. Such fact, however, does not render a contract necessarily one for work, labor and materials on the part of the vendor of the product. If the labor is incidental to the manufacture of the article to be sold as a finished product, it becomes indistinguishable in the finished material and for the purpose of a claim of mechanic's lien for materials loses its character as labor. Here the elements going to make up the cost of the material furnished by petitioner included in addition to labor, wastage, profit, overhead, painting and cartage. Yet in no proper sense under the mechanic's lien law can it be said that petitioner's contract was for materials and for anyone of these added elements. The contract was an entire one for certain definite materials

at prices to be definitely fixed by computation. The labor, like the other elements, entered into the later price-fixing but it did not make the contract one for materials and labor.

Respondent finds what it considers as support for the contention that this contract was in part for labor in certain language used in *Sweet & Carpenter* v. *James*, 2 R. I. 270. The language of that case must be considered in connection with the problems there presented, which were whether certain charges admittedly for labor and certain other charges admittedly for material were included within the claims for which the then existing statutes gave claimants a right to a lien. In the present case respondent's attempt is to dissect the finished product which is an entity, and then to assert that the claim for the finished product is not for the entity but for the elements.

*Field* v. *Consolidated Mineral Water*, 25 R. I. 319, is not in point. That was a claim based only on labor and the court held cost of an architect's drawings and supervision of work to be for labor both mental and manual and that he was entitled to assert a lien.

The Superior Court correctly confirmed the master's report and overruled the exceptions thereto.

The appeals are denied and dismissed, the decrees appealed from are affirmed. The cause is remanded to the Superior Court for further proceedings.

*Ralph M. Greenlaw*, for Cook, Borden & Co.
*Greenough, Lyman & Cross*, for Tower Iron Works.
*McGovern & Slattery*, for respondent.

