GRAYBAR ELECTRIC COMPANY, INC. *vs.* PROVIDENCE JOURNAL COMPANY.

JANUARY 12, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition in equity to enforce a lien on the respondent's real estate for materials and supplies furnished by the petitioner to a subcontractor for use in the construction and erection of certain improvements on the respondent's land. After a hearing on the merits in the superior court a decree was entered granting the petition. The cause is before this court on the respondent's appeal from such decree.

The respondent had entered into a general contract with Gilbane Building Company for the work in question upon a certain parcel of respondent's land in the city of Providence. The general contractor in turn engaged Electric Construction Company as its subcontractor to perform a part of the electrical contract between itself and respondent. Sometime thereafter petitioner furnished electrical materials and supplies to the subcontractor for use by the latter in connection with its subcontract for the electrical work in question.

Upon the failure of the subcontractor to pay for said materials and supplies petitioner in due time filed a notice

of intention to claim a lien in accordance with the provisions of G. L. 1956, §34-28-5. On July 9, 1958, for the purpose of commencing legal process under the provisions of §§34-28-5 and 34-28-7, the petitioner filed in the recorder of deeds' office in the city of Providence an instrument entitled "Lien Account Or Demand Of Graybar Electric Company, Inc. Commencement Of Legal Process" and on the same day served a copy thereof on respondent. Thereafter on August 1, 1958 petitioner filed a second account or demand in said recorder's office and on the same day served a copy thereof on respondent. We shall discuss the contents of said instruments later on in this opinion. Presently it is sufficient to say that, except for the dates of filing and service on respondent, the July 9 and August 1 instruments were identical in all respects.

On August 11, 1958, under the provisions of §34-28-9, petitioner filed in the superior court a petition in equity, entitled "Lien Petition," to enforce its lien against respondent. The petition expressly stated that the commencement of legal process took place on August 1, 1958. The petitioner attached to said petition a copy of its notice of intention to claim a lien and also a copy of the account or demand filed on August 1, 1958.

The respondent filed its entry of appearance in due time. Thereafter, on May 21, 1959, after the cause had been assigned for trial, petitioner filed a motion "to amend its Lien Petition by supplementing thereto, Exhibit C, which sets forth in greater detail, particulars of its account or demand." A copy of exhibit C was attached to the motion and made part thereof. After a hearing before a justice of the superior court a decree granting the motion but with certain limitations as to its effect was entered on June 9, 1959 over respondent's objections. In its reasons of appeal respondent alleges that said ruling was erroneous.

After a hearing on the merits the trial justice on March 15, 1960 entered a final decree establishing petitioner's lien

in the sum of $13,806.49 with costs of the suit against the real estate of respondent described in the lien petition, but the execution of said decree was stayed pending the instant appeal. The questions raised by respondent in this proceeding relate solely to procedural matters. The question of the amount of petitioner's claim and of proof of delivery are not in issue. The parties have treated the reasons of appeal under several main points. We shall do likewise.

Under point I respondent contends that the lodging of the first account or demand on July 9, 1958 was the commencement of legal process referred to in §34-28-7; that under §34-28-9 petitioner was required to file his petition in equity within twenty days after July 9, 1958; that such requirement is jurisdictional; that petitioner's failure to comply therewith is a fatal procedural defect; that the lodging of the second account or demand on August 1, 1958 was a nullity; and that for those reasons the trial justice erred in failing to deny and dismiss the petition.

We do not agree with such contentions. The petitioner's intention to abandon the first account or demand and to base the "Lien Petition" on the second account or demand is clear. In the lien petition it refers only to the second account or demand. It is our opinion that under §§34-28-5 and 34-28-7 a petitioner is not limited to the lodging of one account but that he can file other accounts or demands and waive and abandon all former ones, provided the last account or demand is filed within the time limited for the commencement of legal process and his petition in equity under §34-28-9 is filed within twenty days thereafter. We believe that the reasoning of the court in *Miller* v. *Trustees of Trinity Union Methodist Episcopal Church,* 40 R. I. 456, applies with equal force to the instant case, notwithstanding the factual difference in the two cases in that the accounts in the case at bar are identical whereas the prior accounts in *Miller, supra,* were defective.

Under point II respondent contends that even if petitioner had the right to file the second account or demand, the instrument filed did not comply with the requirements of §34-28-7 because it did not set forth the nature or quantities of the materials furnished.

It appears that the account or demand in question is addressed to respondent as the owner of the real estate upon which the lien has been filed and sets forth that the claim is for $14,393.72 for materials and supplies furnished as marked in exhibit A which is attached thereto. The account or demand also alleges that the materials were supplied and delivered to respondent at the request of the subcontractor. Exhibit A, which is described as a statement of account between petitioner and the subcontractor on the "Providence Journal Job," is an account of debits and credits with the dates of the same commencing with February 19 and ending on June 6 and indicates a balance of $14,393.72.

Section 34-28-7 provides that "The commencement of legal process to enforce the liens hereby created shall be the lodging the account or demand for which the lien is claimed * * *." The statute does not define the clause "account or demand." The respondent cites language in several of our earlier cases to support its position that petitioner's account or demand is fatally defective because it does not set forth the nature or quantities of the materials.

We have re-examined the cases cited but find no language in those cases which supports respondent's instant contention. Those cases discuss the nature and extent of the account or demand for which a lien is sought; none of them directly or otherwise holds that §34-28-7 requires a petitioner to set forth in an account or demand the nature and extent of the materials furnished. While there appears to be some confusion as to just how much information must be included in an "account or demand" under §34-28-7, we feel that the language of the court in *Art Metal Construc-*

*tion Co.* v. *Knight,* 56 R. I. 228, 250, and *Murphy* v. *Guisti,* 22 R. I. 588, 590, indicates the quantum of information required under §34-28-7. In the *Art Metal* case, *supra,* at page 250, the court used the following language:

> "Evidently 'the account or demand' required by section 7 is not so full an account in details as that required by section 9, because the latter says 'setting forth the *particulars* of his account or demand.' The notice is to inform both the owner and the public of the nature and extent of the account or demand for which the lien is sought, and it must be exact enough for that, but in the petition the particulars must be stated, as in actions on book-account." (italics ours)

In our opinion the nature and extent of the account or demand as those words are used in the *Art Metal* case, *supra,* refer to the general nature of the materials furnished and to the amount of money claimed. Both of these factors are included in the account or demand under consideration. The respondent was reasonably informed by the information furnished of the amount claimed and of the fact that it related to electrical materials furnished for use on its property under the subcontract in question. In the circumstances the ruling of the trial justice that petitioner had complied with the provisions of the statute is not erroneous.

Under point III respondent contends that the superior court erred in allowing petitioner to amend the lien petition. The decree granting said motion provided that it was not to be construed as modifying, altering, or amending, in any respect, the commencement of legal process theretofore filed by petitioner or the account or demand thereto annexed, or as prejudicial to the assertion by respondent in this proceeding that the commencement of legal process filed by petitioner was insufficient and inadequate. The respondent's claim that said motion was an attempt by petitioner to amend a defective commencement of legal process is without merit. The motion did not seek to change the commencement of legal process in any respect. It clear-

ly sought to amend the petition in equity by setting forth in greater detail the particulars of the account attached to the lien petition.

A comparison of the petition in equity as originally filed with the petition as amended shows that there has been no substantial change in the petition or in the nature or extent of the account or demand referred to in the original petition in equity. All that the amendment did was to furnish greater details than appeared in the original petition by listing the materials furnished opposite the dates. It did not in any manner change, enlarge or extend the claim made by petitioner originally. The superior court did not err in allowing such amendment. See *Spencer* v. *Doherty,* 17 R. I. 89; *Murphy* v. *Guisti,* 22 R. I. 588; *Cook, Borden & Co.* v. *R. Z. L. Realty Corp.,* 50 R. I. 375.

Finally, after careful consideration of all the contentions made by the respondent and after examining all the authorities cited by it, it is our opinion that the superior court did not err in refusing to deny and dismiss the petition in equity.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### ON MOTION FOR REARGUMENT.

#### JANUARY 24, 1961.

PER CURIAM. After our opinion in the above cause was filed, the respondent asked and received permission to present a motion for leave to reargue. Pursuant thereto it has filed such a motion, stating therein certain reasons on which it bases its contention that justice requires a reargument of the cause.

We have carefully considered those reasons and we are of

the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Zietz and Sonkin, Leo Sonkin,* for petitioner.

*Higgins & Slattery, James A. Higgins,* for respondent.