**In re CNN DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy No. 8911163.**

United States Bankruptcy Court, D. Rhode Island.

Feb. 22, 1990.

Edward T. Hogan, Hogan & Hogan, East Providence, R.I., for debtor.

Vincent A. Indeglia, Law Offices of Vincent A. Indeglia, Providence, R.I., for Carpet Sales, Inc.

Joseph M. DiOrio, Hinckley, Allen, Snyder & Comen, Providence, R.I., for Eastland Bank.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on December 27, 1989 on the debtor, CNN Development Corporation's ("CNN"), Notice of Intended Sale of Unit E–5 of the Sweet Allen Farm Condominiums located in South Kingstown, Rhode Island, and on the objection of Carpet Sales, Inc., an alleged lien creditor. After hearing, and based on the evidence present-ed, we granted the debtor's motion and approved the sale, free and clear of liens, with liens to attach to the proceeds. Further, we permitted the debtor, with the consent of Eastland Savings Bank ("Eastland"), the first mortgagee, to use $3800 of the $121,000 sale proceeds to pay for continued insurance on the entire condominium project. Finally, we ordered the balance of the sale proceeds to be placed in escrow pending resolution of Carpet Sales' objection, which the parties have addressed in written memoranda.

After consideration of the agreed upon facts, the relevant legal authorities, the memoranda, and supporting exhibits, we conclude that Carpet Sales has no standing to object to the instant sale, on the ground that it is not the holder of a perfected mechanics lien on the subject property.

It is undisputed that Carpet Sales filed with the Town of South Kingstown land records a Notice of Intent to Claim Lien, pursuant to R.I.GEN.LAWS § 34–28–4 (1956, reenactment 1984), on October 20, 1989. This statute provides, in relevant part, that "the mailing of such notice of intention and the filing of such copy will perfect a lien of the person so mailing against such land under and subject to the provisions of this chapter...." R.I.GEN. LAWS § 34–28–4. It is also undisputed, however, that Carpet Sales did not file or record its "Petition to enforce lien—Lis pendens notice" under R.I.GEN.LAWS § 34–28–10 until December 20, 1989, almost three weeks after the debtor filed its Chapter 11 petition in this Court.[1]

Pursuant to R.I.GEN.LAWS § 34–28–10, "[a]ny and all liens under the provisions of §§ 34–28–1, 34–28–2 or 34–28–3, regardless of the mailing and filing of a notice of intention under § 34–28–4 or any exemption therefrom, shall be *void* and *wholly lost* to any person claiming a lien under such sections, *unless such person shall file a petition to enforce such lien,* hereinafter described in § 34–28–13, in the superior court of the county in which is situated the land upon which the building ... is

---

1. The debtor filed its Chapter 11 petition on December 1, 1989.

**2**

being or has been constructed ... and unless such person shall also file in the records of land evidence in the city or town in which such land is located a notice of lis pendens, hereinafter described in § 34–28–11, such petition to be filed on the same day as such notice of lis pendens, or within three (3) days thereafter, and both such petition and such notice of lis pendens to be filed within one hundred twenty (120) days of the date of the doing of the last work by the petitioner...." (Emphasis added.)

By the clear and unambiguous language of the statute, Carpet Sales' filing of its notice of Lis Pendens subsequent to debtor's filing for relief under Chapter 11 of the Bankruptcy Code is an act in violation of the automatic stay, and is therefore deemed void. *Elrod v. Elrod (Matter of Elrod)*, 91 B.R. 187, 189 (Bankr.M.D.Ga. 1988) (citing *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982)); *see also In re Randy Homes Corp.*, 84 B.R. 799, 801 (Bankr.M.D.Fla.1988); *In re Eagle Bend Development*, 61 B.R. 451, 453 (Bankr.W.D.La.1986). By failing to comply with the provisions of R.I.GEN. LAWS § 34–28–10 prior to the petition, Carpet Sales' lien is "void and wholly lost," and therefore, it has neither priority over Eastland's construction mortgages, nor standing to object to the sale of Unit E–5 on § 363(f)(3) grounds.

Accordingly, it is ORDERED that Carpet Sales' objection is DENIED, the proceeds of the sale of Unit E–5 are to be turned over to Eastland, and its secured claim be reduced by said amount.

Enter Judgment accordingly.