In re COATED SALES, INC., et al., Debtors.

ROOFING CONCEPTS INC., Plaintiff,

v.

KENYON INDUSTRIES, INC. d/b/a Kenyon Laminating Group, Defendant.

Bankruptcy Nos. 88–B–11331 (CB) through 88–B–11336 (CB). Adv. No. 90–6131A.

United States Bankruptcy Court, S.D. New York.

Feb. 13, 1991.

See also 119 B.R. 452.

Sunshine, Slott & Sunshine, P.C., New York City by Robert W. Slott, for Roofing Concepts Inc.

Kaye, Scholer, Fierman, Hays & Handler, New York City by M. Diane Jasinski, for Coated Sales.

DECISION ON SUMMARY JUDGMENT REGARDING VALIDITY OF PERFECTED MECHANIC'S LIEN

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

FACTS

The facts of this case are not in dispute. After the filing of Kenyon Industries, Inc. (Kenyon or Debtor) petition in bankruptcy on June 16, 1988, Roofing Concepts Inc. (RCI) took certain actions to create and perfect a mechanic's lien against property of the debtor. In pursuit thereof, RCI, in accord with Rhode Island lien law, mailed to Kenyon a "Notice of Intention to Claim

Lien" on or about June 20, 1988. RCI subsequently filed the notice of intention and a lis pendens in the Records of Land Evidence. Contemporaneously therewith, on or about June 22, 1988, RCI commenced an action in the superior court by filing a "Petition to Enforce Lien." RCI was notified by Debtor's counsel that the commencement and continuation of the action were in violation of the automatic stay. RCI disagreed, and believed its actions were excepted from the stay by § 546(b). In September 1988, RCI filed a secured proof of claim with the Clerk of the Bankruptcy Court.

RCI instituted the instant adversary proceeding for a declaration by this Court that RCI has a validly perfected mechanic's lien. Kenyon cross-motioned for summary judgment declaring that RCI does not have a validly perfected mechanic's lien and dismissing the complaint. In addition, Kenyon has moved for sanctions, including attorneys' fees, for willful violation of the automatic stay.

## SUMMARY JUDGMENT

In ruling on a motion for summary judgment, the court must review the pleadings, admissions and affidavits to determine if there is no genuine dispute as to any material fact, so that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(c)). Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

As demonstrated by the parties' Local Rule 13(h) statements, there are no genuine disputes of fact which would be identified as "material" by the law cited above. Therefore, pursuant to the discussion above, the issues presented here are ripe for summary judgment.

## LAW

The automatic stay of Code § 362 is a critical protection provided by the bankruptcy law. The stay prevents disparate actions against debtors and protects creditors in a manner consistent with the bankruptcy goal of equal treatment by ensuring that no creditor receives more than an equitable share of the debtor's estate. *In re Parr Meadows Racing Assn.,* 880 F.2d 1540 (2d Cir.1989) (citations omitted). In laymen's terms, the stay prevents a race to the court. However, there are statutory exceptions to the automatic stay. For instance, § 362(b)(3) provides that the filing of a petition does not operate as a stay of "any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to perfection under section 546(b)." 11 U.S.C. § 362(b)(3). Section 546(b) exempts from the trustee's power of avoidance "any generally applicable law that permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." 11 U.S.C. § 546(b). Essentially, if a creditor possesses a pre-petition interest in property, and state law establishes a time period for perfection of a lien based on that interest, the "lien does not lose its preferred standing by reason of the fact that it is not perfected until after the commencement of bankruptcy," as long as the lien is perfected within the time period established by state law. *Parr Meadows,* 880 F.2d at 1546 (quoting *Poly Industries, Inc. v. Mozley,* 362 F.2d 453, 457 (9th Cir.1966)). The objective of the exception is to protect those whom state law would protect absent the unexpected intervention of the bankruptcy filing. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 371, reprinted in 1978 U.S. Code Cong. & Admin.News 5787, 6327; S.Rep. No. 989, 95th Cong., 2d Sess. 86, reprinted in 1978 U.S.Code Cong. & Admin. News 5872. In other words, the post-petition perfection of the lien is permitted to "relate back" to the lien's pre-petition creation. *See Equibank, N.A. v. Wheeling–Pittsburgh Steel Corp.,* 884 F.2d 80, 85 (3d Cir.1989).

## ANALYSIS

In the case at bar, there is no dispute that the actions taken by RCI are permitted under state law and would have perfected the mechanics lien absent the intervention of the bankruptcy filing. RCI argues that its actions taken in furtherance of creating and perfecting the mechanics lien were not violative of the automatic stay because such actions fall within the confines of § 546(b), and are thus excepted by § 362(b)(3). Therefore, this Court must determine whether RCI's actions were permissible, *i.e.*, excepted from the stay, and "relate back" to create a proper pre-petition perfection.

■ Section 546(b) of the Code places limitations on the ability of a lien claimant to perfect an interest in property and have it relate back pre-petition. Specifically, "[i]f such [state] law requires *seizure* of such property or *commencement of an action* to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property *shall be perfected by notice* within the time fixed by law for such seizure or commencement." 11 U.S.C. § 546(b) (emphasis added). Therefore, the Code permits perfection without actual compliance with the state statutory scheme. Notice to the debtor in possession or trustee is substituted for the act of seizure of property or commencement of an action.

■ In the case at bar, after the debtor filed its petition in bankruptcy, RCI filed its "Petition to Enforce Lien" in the Rhode Island Superior Court, and contemporaneously therewith, filed a lis pendens on the property in the Records of Land Evidence. These acts violated the automatic stay.

RCI attempts to persuade this Court that these acts did not violate the stay. First, RCI claims that the filing of the "Petition to Enforce Lien," although required by state law, is not required for "perfection," and therefore, is not covered by the notice requirement of § 546(b). RCI maintains that it is an act of "enforcement," not "perfection," and that perfection was accomplished upon the mailing and filing of the "Notice of Intention to Claim Lien." The lien law states that "the mailing of such notice of intention and the filing of such copy will perfect a lien of the person so mailing against such land under and subject to the provisions of this chapter...." R.I.Gen.Laws § 34-28-4. However, the statute itself, as well as the case law, does not support this view. Section 34-28-4 clearly makes the perfection subject to the other provisions of the chapter. *Id.* The other chapters include the requirements of filing the petition to enforce the lien and the lis pendens. Rhode Island case law demonstrates that mailing and filing the "Notice of Intention to Claim Lien" is merely a first or preliminary step in the process of perfection of. the lien. *See, e.g., Kelley v. Dunne*, 112 R.I. 775, 316 A.2d 341 (1974); *Graybar Electric Co. v. Providence Journal Co.*, 92 R.I. 120, 166 A.2d 885 (1961).

However, RCI directs this Court to *In re Design Builders, Inc.*, 18 B.R. 392 (Bankr. Idaho 1981), where the court was confronted with a § 546(b) question involving a lien law provision similar to that in the case at bar. There, a "Duration of Lien" provision of the mechanic's lien law provided that a lien is not binding upon property for more than six months unless a proceeding to enforce the lien is commenced. *Id.* at 394 n. 3. The *Design Builders* trustee attempted to avoid several liens under Code § 545. The trustee argued that § 546(b) did not insulate these lienors because an enforcement proceeding was necessary for perfection and, therefore, § 546(b) notice was required, but not given within the time period provided for under the lien law. *Id.* at 393. However, the court determined that the "Duration of Lien" provision of the lien law was not directed at perfection, but rather, was a time limitation on enforcement which was tolled by § 108(c) of the Code. *Id.* at 395.

However, although all facts are not expressly stated in the *In re Design Builders* opinion, clearly the lienors had not commenced any proceedings against the debtor, and that is precisely why the trustee

argued that the liens were not protected by § 546(b) and could be avoided. Specifically, that the alleged lienors' time to perfect, *i.e*, time to commence foreclosure, had expired because they had not served § 546(b) notice timely. Therefore, *In re Design Builders* does not stand for the proposition that RCI puts forth. Here, in the case at bar, there is no time period to be tolled by § 108(c); the requirement of the commencement of enforcement proceedings within 120 days has been satisfied. Accordingly, whether or not notice was required and its relation to § 108(c) is moot. Thus, RCI's commencement of enforcement proceedings is violative of the stay irrespective of whether such proceedings are directed at perfection or time limitation. If the enforcement provision is directed at perfection, it falls under the aegis of § 546(b) and notice is to be substituted for the commencement of an action. If notice is not given and the action is commenced, it is not protected by § 546(b), and is a violation of the automatic stay. On the other hand, if the enforcement provision of the Rhode Island lien law is not required for perfection, as RCI contends, the commencement of an action after the petition is clearly violative of the stay and does not fall within any exception.

Additionally, *In re Design Builders* is not controlling precedent in this circuit, but is merely persuasive authority. In fact, Debtor directs this Court to a case which came to a conclusion contrary to that of *Design Builders* regarding whether such an enforcement proceeding pertains to perfection or is merely a statute of limitation.[1] *In re Birdview Satellite Communications, Inc.*, 90 B.R. 465 (Bankr.D.Kan.1988) (holding that under Kansas mechanic's lien statute, timely commencement of an action

to foreclose lien was required for perfection).

Debtor also cites to *In re CNN Development Corp.*, 112 B.R. 1 (Bankr.D.R.I.1990), a Rhode Island case dealing with the same lien law as in the case at bar. The only difference between that case and the case at bar is that in *CNN*, the "Notice of Intention to Claim a Lien" was filed before the bankruptcy petition and the "Petition to Enforce Lien" was filed post-petition. The *CNN* court determined that the lien was not validly perfected because notice was not given in accord with § 546(b), and that the lienor violated the stay by filing the petition to enforce the lien. This Court sees no reason to believe the *CNN* court's holding would have been different if all lien actions were effected post-petition.

█ Finally, RCI makes a rather specious argument. Namely, that even if notice was required pursuant to § 546(b), sufficient notice was given. Specifically, that debtor was given notice of the intention to claim lien, that debtor was on notice of the commencement of the enforcement proceeding, and that debtor and the Court were on notice via the proof of claim filed by RCI. RCI concludes that since the aforementioned notice was given within the 120 day time period provided under state law, the lien is properly perfected under § 546(b). However, putting aside the issue of whether the notice given was of the type contemplated by the Code, RCI fails to see the point of § 546(b). Section 546(b) is an exception provided in § 362(b) to the stay of § 362(a). To come within its protection, its edict must be followed. It is clear that the actions taken by RCI are violative of § 362(a), however, § 362(b) excepts from the stay acts to perfect in accord with § 546(b). To be in accord with § 546(b),

---

**1.** Debtor also cited to *In re Hunters Run Ltd. Partnership,* 70 B.R. 297 (Bankr.W.D.Wash. 1987), where the bankruptcy court held that under Washington mechanic's lien law, timely commencement of an action to enforce was required to protect the lien, and that the enforcement provision was not a statute of limitation which could be tolled by § 108(c). However, *Hunters Run* was reversed on appeal at the circuit court, where the court held that regardless of whether the enforcement statute was one

of "limitation" or "duration," it was tolled by Code § 108(c). *In re Hunters Run Ltd. Partnership,* 875 F.2d 1425 (9th Cir.1989), *rev'g In re Hunters Run Ltd. Partnership,* 70 B.R. 297 (Bankr.W.D.Wash.1987). Nonetheless, this Court's analysis regarding *Design Builders* applies equally to the decision by the Ninth Circuit in *Hunters Run.* Specifically, that in *Hunters Run,* as in *Design Builders,* the mechanic's lienors had *not* acted; here, RCI did act.

RCI, clearly, was required to give notice in lieu of commencing an action.

## CONCLUSION

RCI is in a no-win situation. If the "Petition to Enforce Lien" is required for perfection, RCI was required to give notice pursuant to § 546(b) in lieu of commencing an action. Instead, RCI commenced an action and thus violated the stay. Alternatively, if the enforcement provision is not necessary for perfection, the enforcement action commenced by RCI is a clear violation of § 362(a). Accordingly, RCI's motion for summary judgment is denied, and Kenyon's cross-motion for summary judgment is granted. However, Kenyon's motion for sanctions is denied.

Attorneys for Kenyon to settle order on 5 days notice.