In re COATED SALES, INC., et al., Debtors.

ROOFING CONCEPTS, INC., Plaintiff–Appellant,

v.

KENYON INDUSTRIES, INC., Defendant–Appellee.

No. 91 Civ. 3740 (DNE).

United States District Court, S.D. New York.

Dec. 1, 1992.

Sunshine, Slott & Sunshine, P.C., New York City (Robert W. Slott, of counsel), for plaintiff-appellant Roofing Concepts, Inc.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Lester M. Kirshenbaum, M. Diane Jasinski, of counsel), for defendant-appellee Kenyon Industries, Inc.

## OPINION & ORDER

EDELSTEIN, District Judge:

Roofing Concepts, Incorporated ("Roofing" or "appellant") instituted this action to obtain a declaratory judgment from the Bankruptcy Court that it possessed a perfected mechanic's lien on real property owned by Kenyon Industries, Incorporated ("Kenyon" or "Appellee"). The parties filed cross-motions for summary judgment. In an order dated April 11, 1991, Judge Cornelius Blackshear of the Bankruptcy Court in the Southern District of New York denied Roofing's summary judgment motion and granted Kenyon's cross-motion for summary judgment. *See In re Coated Sales, Inc.*, 124 B.R. 17 (Bankr.S.D.N.Y. 1991). Roofing has appealed the Bankruptcy Court's decision.

Roofing is a Rhode Island corporation with its principal place of business in Rhode Island. From May 6, 1988 to May 24, 1988, appellant performed roofing work on a warehouse located in Rhode Island and owned by Kenyon. This work included the provision of labor and materials. The parties do not dispute that Kenyon never paid for this work. On June 16, 1988, Kenyon filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code (the "Code").

On or about June 20, 1988, Roofing mailed to Kenyon by certified mail, return receipt requested, a notice of intention to claim a lien—a mechanic's lien, which it recorded in the Records of Land Evidence in Charleston, Rhode Island on or about June 22, 1988. Also on June 22, 1988, Roofing filed a notice of lis pendens in the Record of Land Evidence and also filed a petition to enforce the mechanic's lien in the Superior Court of the State of Rhode Island (the "post-petition enforcement"

conduct).[1] The Superior Court issued a citation, which Roofing served on Kenyon; Kenyon acknowledged receipt of the citation in a letter sent to the Superior Court, in which Kenyon also indicated that it had filed a petition under Chapter 11 of the Code. On September 6, 1988, Roofing filed a secured claim in this matter in the Bankruptcy Court.

A District Court reviews decisions of a Bankruptcy Court *de novo. See In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir.1990). "It is well settled that a court should grant a motion for summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Owens v. New York City Housing Auth.,* 934 F.2d 405, 408 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). The Supreme Court has noted that whether an issue is genuine and material for purposes of summary judgment depends on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court added that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

In this case, the parties do not dispute, and Judge Blackshear found, that no genuine issue of material fact exists. This Court agrees. The issue, then, is whether Roofing has a perfected mechanics lien given Kenyon's filing of a petition under Chapter 11. For the reasons stated below, this Court finds that Roofing possesses an enforceable lien on Kenyon's real property. The judgment of the Bankruptcy Court is reversed.

## Discussion

This dispute turns on whether Roofing's post-petition actions were sufficient to perfect its lien. This determination, in turn, hinges on the resolution of three issues. The first is whether under Rhode Island law Roofing had to initiate an enforcement action in order to perfect its lien. The second issue is, assuming it did have to initiate such an action, can this Court consider Roofing's efforts to initiate such an enforcement action in light of Kenyon's bankruptcy filing. The final issue is, assuming Roofing's post-petition enforcement conduct is void, did Roofing otherwise manage to perfect its lien.

■ As to the first issue, this Court finds that an enforcement action is a necessary predicate to perfection under Rhode Island law. Section 34–28–4 of the Rhode Island mechanic's lien statute provides that mailing and filing a notice of intent to claim a lien "will perfect a lien ... against such land and subject to the provisions of this chapter." R.I.Gen.Laws § 34–28–4. Roofing contends that it mailed and filed a notice of intent to claim a lien, and that the mailing and filing of such notice is the sole prerequisite to perfection. Section 34–28–4 makes clear, however, that perfection is contingent on compliance with other provisions of the statutory scheme. Commencing an enforcement action is part of this statutory scheme: Section 34–28–10 provides that a lien will be "void and wholly lost" absent the filing of a petition to enforce a lien and a notice of lis pendens

---

1. Roofing asserts that at the time of this mailing and these filings, it did not know that Kenyon had filed a petition under Chapter 11.

within 120 days. The existence of the lien itself is contingent on the filing of such an enforcement action, without which the lien is void. This goes to the enforceability of the lien itself, rather than the right to enforce it. For instance, in another case construing Rhode Island's mechanic's lien statute, *In re CNN Development Corp.*, 112 B.R. 1, 1 (Bankr.D.R.I.1990), the court found that initiating enforcement proceedings was a prerequisite to perfection.

■ Given that commencing an enforcement proceeding is a predicate to perfection, it is necessary to inquire whether Roofing complied with this requirement. While there is no dispute that Roofing, by filing a petition to enforce a lien and a notice of lis pendens, initiated an enforcement action, this action is void given Kenyon's Chapter 11 bankruptcy petition. Section 362 of the Code provides for an automatic stay of actions against a debtor that files a petition under the Code. An action to enforce a lien is prohibited and constitutes a violation of the automatic stay. *See In re Bain,* 64 B.R. 581 (W.D.Va.1986); *In re Victoria Grain Co. of Minneapolis,* 45 B.R. 2, 5 (Bankr.D.Minn.1984); *In re Fiorillo & Co.,* 19 B.R. 21 (Bankr.S.D.N.Y. 1982). All actions in violation of the stay are void. *See In re Parr Meadows Racing Ass'n,* 880 F.2d 1540, 1548 (2d Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990); *In re 48th St. Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); 2 L. King, Collier on Bankruptcy ¶ 362.11 (15th ed. 1987) ("[A]ctions taken in violation of the stay are void and without effect."). Thus, because Roofing's commencement of a post-petition enforcement action is a violation of the stay and void under Section 362, this conduct cannot be considered in assessing the enforceability of the lien.

■ The only remaining issue, then, is whether Roofing perfected its lien not under Rhode Island law, but pursuant to provisions in the Code. The Code clearly allows post-petition perfection of liens. Section 362(b)(3) expressly provides an exception to the automatic stay for those acts taken "to perfect an interest in property to the extent that the trustee's rights and powers are subject to perfection under section 546(b)." 11 U.S.C. § 362(b)(3). This section implicitly acknowledges the validity of post-petition perfection of those liens that conform to Section 546(b). Roofing's lien is of the type contemplated in Section 546(b), which provides that a trustee "is subject to any generally applicable law that permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." 11 U.S.C. § 546(b); *see In re Richardson Builders, Inc.,* 123 B.R. 736, 738 (Bankr. W.D.Va.1990). Thus, as Judge Blackshear noted, "the 'lien does not lose its preferred standing by reason of the fact that it is not perfected until after the commencement of bankruptcy,' as long as the lien is perfected within the time period established by state law." *In re Coated Sales, Inc.,* 124 B.R. 17 (Bankr.S.D.N.Y.1991) (quoting *In re Parr Meadows Racing Ass'n,* 880 F.2d at 1546).

The Code's sanctioning of post-petition perfection according to the method prescribed by state law presents a quandary in this case. While Rhode Island law predicates perfection on the filing of an enforcement action, the Code voids all such actions as violations of the automatic stay. Thus, to give meaning to the Code sections permitting post-petition perfection of liens, the Code must provide an alternative to Rhode Island's method of perfecting a lien in the post-petition period.

■ Section 546(b) addresses this issue: It provides that

[i]f [state] law requires seizure of such property or commencement of an action to accomplish ... perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by law for such seizure or commencement.

11 U.S.C. § 546(b). This provision thus addresses a situation where state law requires the commencement of an action or

the seizure of property to perfect an interest, which of course is prohibited under Section 362. In such a situation, Section 546(b) compels a creditor to perfect an interest in the post-petition period by providing notice. *See In re Sampson,* 57 B.R. 304, 308 n. 5 (Bankr.E.D.Tenn.1986); *In re Cantrup,* 38 B.R. 148, 150 (Bankr.D.Colo.1984).

This Court finds that Roofing complied with the notice provision of Section 546(b). Roofing has made four relevant filings in connection with this matter: a notice of intent to claim a lien, a petition to enforce a lien, a notice of lis pendens, (collectively, the "Rhode Island filings"), and, finally, a secured claim in Bankruptcy Court. While the Rhode Island filings do not constitute notice under Section 546(b), the filing of a secured claim is sufficient notice under the Code.

"Section 546(b) provides little guidance as to what constitutes the requisite notice." *In re Sampson,* 57 B.R. 304, 309 (Bankr.E.D.Tenn.1986). The *Sampson* court found that to be sufficient, notice had to be filed with the Bankruptcy Court. *See id.* In *In re Gelwicks,* 81 B.R. 445, 447 (Bankr.N.D.Ill.1987), the court found that "notice is sufficient if it informs the court or the possessor of the property that the creditor intends to enforce his lien." Even the *Gelwicks* court, however, based its finding of adequate notice on a motion filed in the Bankruptcy Court, rather than on state court filings. *See also In re C.G. Chartier Constr., Inc.,* 126 B.R. 956, 959 (E.D.La.1991) (motion for adequate protection filed in bankruptcy court sufficient to provide notice under Section 546(b)).

This Court finds that Section 546(b) notice is sufficient only if filed in the Bankruptcy Court. Because the Rhode Island filings were made in Rhode Island rather than in the Bankruptcy Court, they are inadequate as instruments of Section 546(b) notice. It is also worth noting that the filings that attempted to initiate an enforcement action in this case cannot suffice

as Section 546(b) notice regardless of the location of their filing. It would defy logic to find that commencing an action—and thus violating the automatic stay contained in the Code and the express language of Section 546(b)—could still be considered adequate notice under Section 546(b). Because the filing of the lis pendens and notice to enforce a lien violated the stay, they are void; it is as if Roofing never made such filings. *See In re CNN Devel. Corp.,* 112 B.R. 1, 1 (Bankr.D.R.I.1990). It would be truly anomalous to hold that an act which is deemed never to have occurred is adequate notice under Section 546(b).

The September 6, 1988 filing of a secured lien in the Bankruptcy Court, however, provides notice in accordance with Section 546(b). There is no dispute that Roofing filed its secured claim in the Bankruptcy Court within the time limit prescribed under Rhode Island law for perfecting a lien. The Bankruptcy Court still found, however, that this filing did not provide adequate Section 546(b) notice. The court reasoned that Roofing forfeited its right to take advantage of Section 546(b) when it violated the stay by initiating an enforcement action under Rhode Island law. Judge Blackshear found that "[t]o be in accord with § 546(b), [Roofing], clearly, was required to give notice in lieu of commencing an action." *In re Coated Sales, Inc.,* 124 B.R. at 20.

■ Nothing in Section 362(b) or 546(b), however, indicates that Roofing's violation of the stay precludes it from perfecting its lien by giving notice pursuant to Section 546(b).[2] Facially, Sections 362(b)(3) and 546(b) provide for post-petition perfection of a lien by giving notice within the time allotted under state law. Roofing has done this, even under a narrow construction of the relevant statutory provisions. *See In re Glasply Marine Indus., Inc.,* 971 F.2d 391, 394–95 (9th Cir.1992); *In re Zunich,* 88 B.R. 721, 724 (Bankr.W.D.Pa.1988). Thus, Roofing has perfected its lien. Moreover, such a result furthers the pur-

---

**2.** This Court was unable to find, and the parties did not cite, a decision by the Second Circuit on this narrow issue.

pose of Section 546(b), which is designed "to protect ... those whom state law protects by allowing them to perfect their liens or interests." H.R. 95–595, 95th Cong., 1st Sess. at 371 (1977), *reprinted in* 1978 U.S.C.C.A.N. at 5787; *see In re Reliance Equities, Inc.,* 966 F.2d 1338, 1344 (10th Cir.1992). Roofing, which provided labor and materials to Kenyon for which it received no compensation, is the type of creditor that Section 546(b) is intended to protect.

This Court certainly does not approve of Roofing's violation of the automatic stay. Nevertheless, Roofing asserts, and Kenyon does not attempt to refute, that it did not know of Kenyon's bankruptcy filing when it commenced the enforcement action. In addition, the Code expressly penalizes Roofing for committing such a violation— the offending conduct is void. Given this express penalty, this Court does not find it appropriate again to penalize Roofing for violating the stay by precluding it from taking advantage of the perfection provision contained in Section 546(b). Moreover, there is no support in the Code for grafting onto Section 546(b) a condition that its notice provision may be utilized to perfect a lien only if the creditor has not in any way violated the automatic stay.

This situation is analogous to the one presented in *In re Victoria Grain Co. of Minneapolis,* 45 B.R. 2 (Bankr.D.Minn. 1984), which also dealt with post-petition perfection of a mechanic's lien. In *Victoria Grain,* the creditor filed a mechanic's lien statement and also initiated an enforcement action after the filing of a petition. The Court found that under Minnesota law, the filing of the statement alone was sufficient to perfect the lien, and the lien was enforceable regardless of the fact that the enforcement action violated the stay. In addition, the court did not preclude recourse to Sections 362(b)(3) and 546(b) merely because a creditor who otherwise managed to perfect a lien also took an action in violation of the stay. *See id.* at 5. Thus, because Roofing has given proper notice under Section 546(b) within the time period prescribed under Rhode Island law, it has perfected its lien.

*Conclusion*

The decision of the Bankruptcy Court is reversed. Roofing's motion for summary judgment is GRANTED. Kenyon's cross-motion for summary judgment is DENIED.

SO ORDERED.