282 B.R. 756 (2001)
In re 360 NETWORKS (USA) INC., et al., Debtors.
No. 01 B 13721 (ALG).
United States Bankruptcy Court, S.D. New York.
October 26, 2001.
*757 Robert Alan Abrams, Esanu, Katsky, Korins & Siger, LLP, New York City, for DCB Construction Co., Peak Electrical Construction and Piper Electric Co.
Joseph W. Allen, Jaeckle, Fleischmann & Mugel, LLP, Buffalo, NY, for Lehigh Const. Group, Inc.
Christopher L. Ashby, Houston, TX, for Ixian Fiberoptics, Inc.
Elizabeth Austin, Pullman & Comley, LLC, Bridgeport, CT, for Herb Chambers of Chicopee, Inc.
John H. Bae, Cadwalader, Wickersham & Taft, New York City, for Carrier 1 Intern. GmbH.
Richard Baumfield, Andrews & Kurth, LLP, New York City, for Aspen Advisors, LLC.
Michael W. Bautz, Postner & Rubin, New York City, for Cadence McShane Corp.
Philip C. Baxa, Troutman, Sanders, Mays & Valentine, LLP, Richmond, VA, for Troutman, Sanders, Mays & Valentine, LLP.
Frederic K. Becker, Eric W. Sleeper, Wilentz, Goldman & Spitzer, PA, Woodbridge, NJ, for New Jersey Turnpike Authority.
J. Thomas Beckett, Parsons, Behle & Latimer, Salt Lake City, UT, for Sorenson Const. Co.
Christopher Robert Belmonte, Satterlee, Stephens, Burke & Burke, LLP, New York City, for Turner Const. Co.
Beth C. Boggs, Boggs, Backer & Bates, L.L.C., St. Louis, MO, for River Bend Contractors, Inc.
William H. Bovers, Brooklyn, NY, for M.W. Reid Welding, Inc.
Thomas R. Califano, Piper, Marbury, Rudnick & Wolfe, LLP, New York City, for Consolidated Networks Corp.
Andre K. Campbell, McDonough, Holland & Allen, Sacramento, CA, Jeffrey A. Cooper, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, for Manuel Bros., Inc.
Shelley C. Chapman, Willkie, Farr & Gallagher, New York City, Alan Jay Lipkin, Willkie, Farr & Gallagher, New York City, for 360 Networks (USA) Inc.
J. Mark Chevallier, McGuire, Craddock & Strother, P.C., Dallas, TX, for Turner Const. Co.
Walter J. Cicack, Houston, TX, for GigXchange, LLC.
Robert D. Clark, Denver, CO, for Colorado Dept. of Transportation.
Andrew N. Cook, Bell, Boyd & Lloyd, PLLC, Washington, DC, for AES Electrical, Inc. and Ceilings and Partitions, Inc.
Sara E. Cook, McKenna, Storer, Rowe, White & Farrug, Woodstock, IL, for The ServiceMaster Co.
Jeanette Cotting, L., Stoel Rives, LLP, Portland, OR, for PacifiCorp.
Phil D'Aniello, Broad & Cassel, P.A., Orlando, FL, for EWE Office Investments.
*758 Michael Deitch, Michael Deitch & Associates, Austin, TX, for McPAC CCS, Ltd. L.P.
Ira S. Dizengoff, Akin, Gump, Strauss, Hauer & Feld, LLP, New York City, for EPIK Communications, Inc.
John Howard Drucker, Angel & Frankel, P.C., New York City, for DPR Construction Inc.
David W. Dykhouse, Patterson, Belknap, Webb & Tyler LLP, New York City, for Ledcor Industries Ltd., Ledcor Design-Build (B.C.) Inc., Ledcor Industries Inc. and Ledcor American Holdings Ltd.
Edmund M. Emrich, Kaye Scholer, LLP, New York City, for Rohn, Inc.
Terry Esser, Law Offices of Terry Esser, Tucson, AZ, for Tierra Right Way of Services, Ltd.
Peter L. Feldman, Otterbourg, Steindler, Houston & Rosen, New York City, for M.A. Mortenson Co.
William M. Finucane, Elizabeth Town, NY, for John W. Sheehan & Sons, Inc.
Michael E. Foreman, Proskauer Rose, LLP, New York City, Alcatel, Alcatel Submarine Networks S.A. and Alcatel Submarine Networks, Inc.
Wilbur F. Foster, Jr., Milbank, Tweed, Hadley & McCloy, New York City, for Enron Broadband Services, Inc. and Milbank, Tweed, Hadley & McCloy, LLP.
Edward M. Fox, Pryor, Cashman, Sherman & Flynn, LLP, New York City, Richard Levy, Jr., Pryor, Cashman, Sherman & Flynn, LLP, New York City, for Embree Const. Group, Inc., Canadian Pacific Railroad Co., Soo Line Railroad Co., and Delaware & Hudson Railway Co.
Elise Scherr Frejka, Swidler, Berlin, Shereff, Friedman, LLP, New York City, for Kajima Const. Services, Inc.
Jane Futterman, Olympia, WA, for Thurston County.
Robert E. Ganz, Ganz & Wolkenbreit, LLP, Albany, NY, Richard L. Weisz, Hodgson, Russ, Andrews, Woods & Goodyear, Albany, NY, for Vincent Crisafulli.
Seth Evan Gardner, Wachtell, Lipton, Rosen & Katz, New York City, for Chase Manhatten Bank, Chase Securities, Inc., Credit Suisse First Boston Corp., Goldman Sachs Credit Partners, L.P., Toronto Dominion (Texas), Inc., Export Development Corp., as Agents, and JPMorgan Chase Bank.
Teresa A. Generous, Greensfelder, Hemker & Gale, P.C., St. Louis, MI, for Fru-Con Const. Corp.
Yann Geron, Geron & Associates, P.C., New York City, for Fresno Supreme, Inc.
Peter Goodman, Andrews & Kurth, LLP, New York City, for Enron Broadband Services, Inc.
Stephen Joshua Gordon, Dechert, Price & Rhoads, New York City, for W9/MT4 Realty, LLC.
Garry M. Graber, Hodgson Russ LLP, Buffalo, NY, for C. Destro Development Co., Inc.
Lindsee Paige Granfield, Cleary, Gottlieb, Steen & Hamilton, New York City, for Nortel Networks, Inc. and Cleary, Gottlieb, Steen & Hamilton.
David M. Green, Salomon, Green & Ostrow, P.C., New York City, for Wooldridge Const. Co., LLC.
Ralph V. Hadley, III, Swann & Hadley, P.A., Winter Park, FL, for 325 West Gore, Inc.
Kyle E. Hart, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for Mark II of Fosston, Inc.
*759 J. Stephen Harvey, McDowell, Knight, Roedder & Sledge, L.L.C., Mobile, AL, for Old West Florida, LLC.
Mark S. Indelicato, Hahn & Hessen LLP, New York City, for CapRock Telecommunications Corp.
Christine Jagde, Mayer, Brown, Rowe & Maw, New York City, for Toronto Dominion (Texas), Inc.
Richard G. Jensen, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for Northern Line Layers.
Harold D. Jones, Jaspan, Schlesinger, Hoffman, LLP, Garden City, NY, for CP/HERS Somerville Corp.
Frank P. Kapusinski, Scarinci & Hollenbeck, LLC, Secaucus, NJ, for City of Passaic.
Susan V. Kelly, Michael, Best & Friedrich, LLP, Madison, WI, for Kajima Const. Services, Inc.
Steven E. Kennedy, McGuire, Craddock & Strother, PC, Dallas, TX, for Turner Const. Co.
Norman N. Kinel, Sidley, Austin, Brown & Wood, LLP, New York City, for Sidley, Austin, Brown & Wood, LLP, Official Committee of Unsecured Creditors, and Ernst & Young Corporate Finance LLC.
Martin Beyer Klotz, Willkie, Farr & Gallagher, New York City, for 360 Networks (USA) Inc.
John R. Knapp, Jr., Preston, Gates & Ellis, LLP, Seattle, WA, for pro se.
Aaron E. Kornblum, Douglas Smart, Graham & Dunn, PC, Seattle, WA, for Sixth & Blanchard Properties and Sixth & Virginia Properties.
Stephen Kottmeier, J., Hopkins & Carley, San Jose, CA, for O.C. McDonald and Fluor Global Services.
Jerry M. Kuperstein, Sacramento, CA, for Rex Moore Electrical Constractors & Engineers.
David W. Langley, Fort Lauderdale, FL, for Hypower, Inc.
Linda S. Law, Office of City Attorney, Portland, OR, for The City of Portland (Oregon).
Ronald M. Lehman, Gabroy, Rollman & Bosse, PC, Tucson, AZ, for Ollanik Const. Co., Inc.
David S. Leinwand, Amroc Investments, LLC, New York City, for Amroc Investments, LLC.
Ira M. Levee, Lowenstein Sandler, P.C., Roseland, NJ, for Securities Class Action Plaintiffs.
Martin J. Levick, Kritzer & Levick, P.C., Atlanta, GA, for Kritzer & Levick, P.C.
David A. Levin, Proskauer Rose LLP, New York City, for Wooldridge Const. Co. LLC.
Paul A. Levine, Lemery Greisler LLC, Albany, NY, for CHA Tech Services and Clough Harbour.
Joel H. Levitin, Dechert, Price & Rhoads, New York City, for Dechert.
Joseph Lubertazzi, Jr., McCarter & English, LLP, Newark, NJ, for Lucent Technologies, Inc.
C. Robert Malaby, Malaby & Carlisle, LLC, New York City, for Embree Const. Group.
Neal S. Mann, New York State Attorney General's Office, New York City, for New York State Dept. of Taxation and Finance.
Ilan Markus, Markowitz, Davis, Ringel & Trusty, P.A., Miami, FL, for EWE Office Investments.
Regina R. Matson, Williamson & Williamson, P.C., New York City, for General Motors Acceptance Corp.
*760 Thomas J. Matz, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, Michael A. Rosenthal, Gibson, Dunn & Grutcher, LLP, Dallas, TX, for Big Pipe and Big Pipe (US), Inc.
Kathryn E. McQueen, Thelen, Reid & Priest, LLP, San Francisco, CA, for Howard S. Wright Const.
Sandra E. Mayerson, Holland & Knight, New York City, for TELUS Integrated Communications (2000), Inc. and TELUS Communications, Inc.
Debbie L. Miede, Oppenheimer, Wolff & Donnelly, LLP, Newport Beach, CA, for Miede Sexton, P.C.
Brett H. Miller, Otterbourg, Steindler, Houston & Rosen, PC, New York City, for H.G. Fenton Co.
Joel L. Miller, Kaye Scholer LLP, Chicago, IL, for Waterton Printers Square LLC.
Zachary Mosner, Attorney General of Washington State, Seattle, WA, for Dept. of Labors and Industries.
Larren M. Nashelsky, Morrison & Foerster, LLP, New York City, for Verio, Inc., Telia Intern. Carrier, Genuity Solutions, Inc., and Deutsche Telekom, Inc.
Bruce S. Nathan, Davidoff & Malito, LLP, New York City, for Sterling Network Exchange LLC and Schooley Caldwell Associates.
Kevin Michael Newman, Menter, Rudin & Trivelpiece, P.C., Syracuse, NY, for Canadian National Railway, Illinois Central Railroad Co. and Grand Trunk Western Railroad, Inc.
Michael E. Norton, Robinson, Murphy & McDonald, New York City, for Bateson-Cook Co.
Edmond P. O'Brien, Stempel, Bennett, Claman & Hochberg, P.C., New York City, for Violet Realty, Inc.
Alec P. Ostrow, Salomon, Green & Ostrow, P.C., New York City, for Pipkin, Inc.
Irving H. Picard, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., New York City, for EL PASO 221, L.P.
Michael B. Reynolds, Nanette D. Sanders, Snell & Wilmer, L.L.P., Irvine, CA, for Brookstone Telecom, Inc. and Brookstone Const., Inc.
Jeffrey N. Rich, Kirkpatrick & Lockhart, LLP, New York City, for Adolfson & Peterson Const. and Big-D Const. Services Corp.
Michael R.C. Riess, Kingsmill Reiss, L.L.C., Mark S. Senter, New Orleans, LA, for Mechanical Const. Co., LLC.
Steven H. Rittmaster, Torre, Lentz, Gamell, Gary & Rittmaster, Jericho, NY, for General Ins. Co. of America and The Guarantee Co. of North America.
Terri A. Roberts, Pima County Attorney Civil Division, Tucson, AZ, for Pima County, Arizona.
Adam L. Rosen, Rosen & Slome, LLP, Garden City, NY, for Spartan Builing Corp.
Joel S. Rosenstein, Sean, Lewis & Visciano, P.C., Denver, CO, for JPI Development L.P.
Jeffrey L. Sapir, White Plains, NY, for Sweet Associates, Inc.
Michael L. Schein, Mintz, Levin, Cohn, Ferris, et al., New York City, for FiberNet Telecom Group, Inc.
Fred A. Schwartz, Sacramento, CA, for Intern. Telecommunications Consultants, Inc.
Gary I. Selinger, Salomon, Green & Ostrow, P.C., New York City, for NEES Communications, Inc.
Andrew Howard Sherman, Sills, Cummis, Radin, Tischman, Epstein & Gross, *761 New York City, for Qwest Communications, Inc. and 360 Networks (USA) inc.
Eric J. Snyder, Pryor & Mandelup, LLP, Westbury, NY, for 360 Networks (USA) Inc. and Wagner Equipment Co.
Michael Scott Stamer, Akin, Gump, Strauss, Haner & Feld, New York City, for Call-Net Enterprises, Inc. and Official Committee of Unsecured Creditors.
Stephen Z. Starr, Paul, Hastings, Janofsky and Walker, LLP, New York City, for Adesta Communications, Inc.
Kenneth Steven Sussmane, Sussmane & Zapfel P.C., New York City, for 7th and Walnut Street Associates, L.P.
Robert S. Underhill, Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, LLP, Woodbridge, NJ, for Victor AOP, Inc.
Brian C. Walsh, King & Spalding, Atlanta, GA, for Thoroughbred Technology and Telecommunications, Inc.
Burton S. Weston, Law Offices of Burton S. Weston, Great Neck, NY, for Black & Veatch.
Ira E. Wiener, Shearman & Sterling, New York City, for The Fishel Co.
Ian R. Winters, Klestadt & Winters, LLP, New York City, for 350 Park Investors Corp.
David Farrington Yates, Holland & Knight, LLP, New York City, for Fujitsu Network Communications and TELUS Integrated Communications (2000), Inc.
Louis J. Yoppolo, Shindler, Neff, Holmes & Schlageter, Toledo, OH, for Mosser Const. Co. and Retzke/Snyder Electrical Constractors, Inc.
Brian Zall, Sherman & Howard, L.L.C., Denver, CO, for Sturgeon Electrical Co.
Daniel A. Zazove, Kaye Scholer, LLP, Chicago, IL, for Kaye Scholer, LLP.
Greg M. Zipes, Office of the United States Trustee, New York City, United States Trustee.

MEMORANDUM OF DECISION AND ORDER
ALLAN L. GROPPER, Bankruptcy Judge.
The Fishel Company ("Fishel") has moved for relief from the automatic stay of § 362 of the Bankruptcy Code to file lawsuits in California and Oregon against one or more of the Debtors. Fishel asserts that it has already obtained construction and mechanic's liens ("Liens") on leasehold interests of the Debtors by virtue of its supply of labor, materials and equipment for the installation of an innerduct from Sacramento, California to Portland, Oregon. It further alleges that it has recorded such liens but that under California and Oregon law it is necessary to file suit within 90 and 120 days, respectively, in order for the encumbrances to continue. Fishel says it seeks only to file complaints in the required lawsuits, called hereafter "Continuation Actions," and that the Continuation Actions should thereafter remain stayed pursuant to § 362.
These Debtors have many creditors who similarly claim to hold mechanic's and/or construction liens and who are faced with State statutes that require the filing of a Continuation Action within a specified period after the recordation of the lien. Last week this Court heard the motion of Manuel Brothers Incorporated (MBI), another creditor claiming to hold a mechanic's lien on property in California, who sought relief from the stay to file a similar Continuation Action to continue and/or enforce its alleged lien. In response to MBI's motion, the Debtors pointed out that MBI's concern was misplaced as a consequence of §§ 546(b) and 108(c) of the Bankruptcy Code. These sections, the Debtors argued, *762 compel creditors to perfect and maintain liens that relate back in time through notice instead of filing enforcement actions that would otherwise be in violation of the automatic stay. Section 546(b)(1)(B) subjects the rights and powers of a trustee or debtor in possession to any generally applicable law that "provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." Section 546(b)(2) then provides that if such law:
(A) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and
(B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;
such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement.
Section 362(b)(3) permits action under § 546(b) by providing that it is not a violation of the automatic stay for a creditor to "maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b)." No relief from the stay would be necessary as MBI and other creditors could preserve their claims through the filing of notice.
In addition to the protections of §§ 546(b)(2) and 362(b)(3), § 108(c) further tolls the period under applicable nonbankruptcy law for "commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor" until the later of (i) the end of such period, including any suspension thereof occurring on or after the commencement of the case, or (ii) 30 days after notice of the termination or expiration of the automatic stay.
Based on these statutory provisions and relevant case law, the Court agreed with the Debtors that the claims of MBI and other holders of alleged mechanic's and/or construction liens on property of the Debtors would be protected and preserved without the need to seek or obtain relief from the automatic stay to file Continuation Actions. To the extent the filing of a Continuation Action would constitute an act "for the maintenance or continuation of perfection of an interest in property," within the meaning of §§ 546(b) and 362(b)(3), preservation of the claims could be accomplished by the transmittal of a notice.[1] Indeed, the purpose of § 546(b) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests," through post-petition notice on liens recorded prior to the bankruptcy petition.[2] To the extent that a filing of a Continuation Action was something more that the "maintenance or continuation of perfection," and constituted *763 the "enforcement" of a lien  and therefore might not be within the purview of §§ 546(b) and 362(b)(3)  it was stayed by virtue of § 362(a) and the time period for commencement of such action was tolled under § 108(c).[3]
It appears to this Court that the requirement of the filing of a Continuation Action is within the purview of § 546(b), and that holders of alleged mechanic's liens can preserve their rights by notice without putting debtors to the burden and expense of litigation and motions for relief from the automatic stay. The word "perfection" as used in § 546(b) is not defined in the Bankruptcy Code (or in the Uniform Commercial Code, for that matter), and it would give the term "perfection" a narrow reading to hold that the filing of a Continuation Action is not an act intended to continue the "perfection" of an interest in property. There is ample precedent for the proposition that where the filing of an enforcement action is required to preserve a lien under State law, § 546(b) allows, and indeed compels, creditors to give notice to a debtor instead of filing suit.[4] As for the Continuation Action itself, an alleged lienholder, who provided § 546(b) notice, would be fully protected by virtue of the fact that § 108(c) tolls the time for prosecuting the suit.[5]
In order to resolve the MBI motion and to forestall other applications seeking relief from the stay for the same reason, this Court suggested that the Debtors submit an order, acceptable to MBI and of general applicability, to set a precedent that would apply to all holders of alleged mechanic's and/or construction liens. Such an order has been entered, and it reiterates that § 546(b) preserves the claims of creditors who provide notice of their liens and that § 108(c) tolls the time for prosecuting an enforcement action for such creditors. Its provisions seem to provide full protection to Fishel, except for one caveat.
Fishel at the return of this motion argued that, unlike MBI, it asserts liens on property leased by the Debtors rather than owned by them, and that its Continuation Actions would have to be brought against third-party property owners, as well as the Debtors. Accordingly, Fishel contended that it would not be protected by bringing actions against the owners alone, because a State Court judge might find that the Debtors are necessary parties and that the third-party actions are insufficient because of the absence of the Debtors. Second, Fishel argued that an order permitting the filing of an action and then staying that action could not prejudice the Debtors and that similar orders have been entered in other bankruptcy cases.
Fishel's second reason for seeking relief from the automatic stay has no validity. The "similar" orders that Fishel presented to the Court at oral argument modified the stay in those cases upon consent and stipulation of all the parties.[6] It may indeed *764 have been practical for debtors in those cases to consent to relief from the stay to permit the filing of an action but not its prosecution. A debtor can rarely, if ever, be faulted for choosing the most economical way of resolving a dispute. But where, as here, a debtor is faced with multiple lienholders and dozens of alleged liens, it is not necessarily economical for a debtor simply to consent to the relief sought by the creditor and, perhaps, be prejudiced by the cost of unnecessary motion practice.
Fishel's other argument is that its rights against the third-party owners of the property encumbered by the alleged liens might be impaired by virtue of the fact that a State court might find that a suit against the owners alone was insufficient and lacked a necessary party (one of the Debtors), thereby finding cause to dismiss the claims. At oral argument it was alleged that such a situation had occurred. This Court has been unable to find any support in the Declaration of Patrick W. Wade, dated October 22, 2001, that a State Court had ignored Federal law or the Supremacy Clause of the Constitution in such manner.[7]
On the other hand, Fishel's rights against the owners do not appear to be protected by § 546(b). Moreover, there is some uncertainty as to whether Fishel could sue the owners. In Valley Transit Mix of Ruidoso, Inc. v. Miller, the Tenth Circuit held that § 362(a) applied to stay a mechanics' lien foreclosure claim against the owners of property leased by a debtor.[8] The court further found that § 108(c) tolled such claims against the nondebtor parties as well as the debtor, where the debtor was a necessary party to the action.[9] Although such a holding would fully protect Fishel, Valley Transit is not necessarily the law of this circuit and the owners are not before this Court at this point and are not bound by the results of this motion. This creates some uncertainty for Fishel.
Any decision on a motion for relief from the stay includes a balancing of the harm to the debtor against the harm to the creditor from a continuation of the stay.[10] The only apparent disadvantages to the Debtors from affording Fishel the limited relief it seeks are the costs of this motion and the burden created by the filing of suits in State courts that will name one or more of the Debtors, require some attention, and by their very existence raise the possibility of a bifurcation of issues among different courts. These harms can be offset, first, by permitting the Debtors to move for payment by Fishel of their costs in connection with the instant motion and State court litigation that is highly likely to *765 be unnecessary. In other words, although this Court will not prejudge the results of such motion and Fishel can argue against the imposition of costs, to the extent Fishel obtains only a comfort order, Fishel, in fairness to the Debtors and their other creditors, should pay for it.
The harm to the Debtors can be secondarily compensated by holding Fishel strictly to its representations on this motion. It states that it seeks only a modification of the automatic stay that would give it the opportunity to file a lawsuit and then leave it stayed. Joinder of one or more of the Debtors would permit Fishel to file its action against the nondebtor owners without greatly prejudicing the Debtors.[11]
For the reasons stated above, Fishel is granted limited relief from the automatic stay, pursuant to § 362(d)(1) of the Bankruptcy Code, solely in order to file one or more actions in State court in order to continue and/or enforce its alleged liens against one or more of the Debtors as well as one or more third parties, and to cause process to be served on all defendants named in such suit(s), including the Debtors, but absent further order of this Court, neither Fishel nor any other party to such suit(s) may proceed further, and the automatic stay of § 362(a) of the Bankruptcy Code remains in full force and effect as to any such further action. In light of the time periods said to be applicable under State law, to the extent of the limited relief from the stay granted to Fishel herein, the 10-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived, and this order is effective immediately. Without prejudging the issue, the Debtors have leave to move the Court for an order requiring Fishel to pay their costs, including reasonable attorneys fees, in connection with this motion and any proceedings resulting from the modification of the stay provided for herein. Notice of this order shall be provided by Fishel to all parties to the suit(s) authorized above.
IT IS SO ORDERED.
NOTES
[1] Village Nurseries v. David Gould (In re Baldwin Builders), 232 B.R. 406, 410-411 (9th Cir. BAP 1999); Roofing Concepts, Inc. v. Kenyon Industries, Inc. (In re Coated Sales, Inc.), 147 B.R. 842, 846 (S.D.N.Y.1992); Christopher Ryan v. Grayson Service, Inc. (In re Rincon Island Limited Partnership), 253 B.R. 880, 889 (Bankr.C.D.Cal.2000); In re Sampson, 57 B.R. 304, 307 (Bankr.E.D.Tenn.1986).
[2] H.R.Rep. No. 595, 95th Cong. 1st Session 371-372 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6327-6328, reprinted in 3 COLLIER ON BANKRUPTCY ¶ 546.03[1], at 546-20 (Lawrence P. King, ed., 15th ed. rev.2000).
[3] In re Baldwin Builders, 232 B.R. at 412-413; Morton v. National Bank of New York City (In re Joan Morton), 866 F.2d 561, 564 (2nd Cir.1989); In re Rincon Island, 253 B.R. at 884; Robert H. Bowmar, Mechanic's Liens: Creation, Perfection or Enforcement in the Face of a Stay, 1993 HOFSTRA PROP. L.J., 153, 180-183 (1993); see Skywark v. Isaacson, 202 B.R. 557, 563 (S.D.N.Y.1996) (citing Morton, 866 F.2d at 564).
[4] In re Baldwin Builders, 232 B.R. at 412; In re Coated Sales, 147 B.R. at 845-846; In re Rincon Island, 253 B.R. at 884.
[5] In re Petroleum Piping Contractors Inc., 211 B.R. 290, 307 (Bankr.N.D.Ind.1997); see Bowmar, Mechanic's Liens, at 183.
[6] Wade Decl., Ex. C, (Order on Motion for Relief from Stay by North Coast Electric Company, In re Hood Lumber Company, No. 397-36565 (Bankr.D. Or. filed Aug. 27, 1997) (entered upon stipulation of the parties)) and Ex. D, (Order on Motion for Relief By Specialty Constructors, Inc., In re Springfield Forest Products, L.P. No. 697-65993 (Bankr.D. Or. filed Nov. 18, 1997) (entered upon consent)).
[7] Wade Decl. ¶ 4, 7 (stating in both cases that all parties consented to the entry of an order granting limited relief from the stay); see id. Ex. C, (Order on Motion for Relief from Stay by North Coast Electric Company, In re Hood Lumber Company, No. 397-36565 (Bankr.D. Or. filed Aug. 27, 1997)); id. Ex. D, (Order on Motion for Relief By Specialty Constructors, Inc., In re Springfield Forest Products, L.P. No. 697-65993 (Bankr.D. Or. filed Nov. 18, 1997)).
[8] 928 F.2d 354, 356 (10th Cir.1991) (holding that § 362 precludes foreclosure actions against the owner of property "when a debtor has a `leasehold' or `possessory' interest in the property and the debt sought to be satisfied out of the property is that of the debtor").
[9] Id.
[10] 3 COLLIER ON BANKRUPTCY ¶ 362.07[3][f], at 362-95 (Lawrence P. King, ed., 15th ed. rev.2000).
[11] See In re Petroleum Piping, 211 B.R. at 309 (finding that a modification of the stay to join the debtor as nominal party causes little prejudice to the debtor when compared with the hardship continuing the stay might cause the lien holder).